### MELTON ET AL. *v.* COFFELT.

PLEADING.—*Parol Contract to Convey Real Estate.—Part Performance.—Statute of Frauds.—Tender of Deed.—Evidence.—Waste.—Promissory Note.—Payment.*—In an action on a promissory note, the defendant answered alleging, that, by a parol contract between the plaintiff and defendant, the latter had sold, and agreed to convey to a person named, certain real estate, on condition of the full satisfaction of the note in suit, and the payment, by the plaintiff to the defendant, of a certain sum of money; that, pursuant to such contract, possession of the real estate had been delivered, and was still retained; that waste had been committed thereon; that the defendant had executed and tendered to the plaintiff a deed for the premises, pursuant to such contract, on condition that the plaintiff would comply with his part thereof, which he had failed to do; and that the defendant is still willing to comply with his part of the contract, and to execute such deed pursuant thereto, upon a compliance by the plaintiff with his part thereof.

*Held*, on demurrer for insufficiency, that the facts alleged show part performance of the contract sufficient to avoid the statute of frauds.

*Held*, also, that there is no averment showing the tender of a deed sufficient to pass a good title to the land.

*Held*, also, that the tender should have been kept good by bringing, or offering to bring, the deed into court.

*Held*, also, that the answer is insufficient.

*Held*, also, that the averment of waste was immaterial, and that evidence thereof was properly excluded.

From the Warren Circuit Court

*J. M. Rabb*, for appellants.

*J. McCabe*, for appellee.

HOWK, J.—This was an action by the appellee, as plain-

tiff, against the appellants, as defendants, in the court below, on a promissory note.

The complaint charged the execution of the note by the appellants to one J. A. Coffelt, his endorsement thereof to the appellee, and that the note was due and unpaid.

To appellee's complaint, the appellants jointly answered, in three paragraphs.

In the first paragraph of their answer, the appellants admitted the execution of the note sued on by said William Melton, as principal, and said Peyton Melton, as surety; but they averred, that, on the 13th day of January, 1874, the appellee and the appellant William Melton entered into a parol contract, whereby the appellee purchased from said William Melton the real estate in Warren county, Indiana, described in said paragraph; that the consideration of said purchase, so made by appellee, was the payment and satisfaction of the note sued on and the payment by the appellee to said William Melton of the sum of one hundred and sixty-five dollars; that, by the terms of their said contract, the appellant William Melton was to execute and deliver to the appellee a deed of said real estate, naming as the grantee therein Isabella Coffelt, the wife of the appellee, upon said appellee's paying to said appellant said sum of one hundred and sixty-five dollars, or executing to said appellant his note for said sum, with security to the approval of said appellant; that, in execution of said verbal contract, said appellant delivered the possession of said real estate to said appellee, and that said appellee accepted of said real estate in full payment and satisfaction of said note, and that the appellee had ever since and still retained possession of said premises, under said contract; that, while so occupying said premises under said contract, the appellee had cut down, destroyed and removed from said premises a large quantity of timber growing thereon, and that, since the commencement of this ac-

tion, the appellee had been busily engaged in cutting down and removing from said premises the growing timber standing thereon when said appellant put the appellee in possession thereof, under said verbal contract of sale. Wherefore the appellants demanded judgment for costs, that the note sued on be declared satisfied, and for other proper relief.

In the second paragraph of their answer, the appellants alleged, substantially, the same facts as were contained in the first paragraph, except that it was alleged in the second paragraph, that said William Melton, in execution of said verbal contract, delivered the possession of said real estate to said Isabella Coffelt, who accepted of said lands and entered upon the possession of the same, and "they" still remained in the possession of said premises under said contract; and that, while so occupying said lands, "he" had committed great waste thereon by cutting down and destroying valuable young timber growing thereon, and that, since the commencement of this action, he had been engaged in cutting down and carrying off· from said premises the valuable timber growing thereon when the appellant put the appellee in possession of said premises. The appellant further averred, in said second paragraph, that he executed and tendered to the appellee a deed for said premises, in accordance with their said contract, upon the condition that the appellee would comply with the terms of said contract on his part; but that the appellee wholly failed to comply with the terms of his said contract—to pay the appellant the said sum of one hundred and sixty-five dollars, or to give his note for said sum, with surety to appellant's approval; and that the appellant had ever been, and still was, ready and willing to comply with said contract on his part, and to execute a deed for said premises, in accordance with said contract, when the appellee should comply with his part of said contract. Wherefore, etc.

The third paragraph of the answer contained, in sub-

stance, all the allegations of the first paragraph, and alleged the execution and tender of a deed of conveyance, as stated in the second paragraph of said answer.

To each of these paragraphs of answer, the appellee demurred for the alleged insufficiency of the facts therein to constitute a defence to appellee's action; which demurrer was overruled as to the second paragraph, and sustained as to the first and third paragraphs, of said answer.

The appellants excepted to the decisions of the court below, in sustaining the demurrer to the first and third paragraphs of the answer.

To the second paragraph of the answer, the appellee replied by a general denial, and also by a special reply, to which a demurrer was sustained.

The issues thus joined were tried by the court, and a finding made for the appellee for the full amount due on the note.

The appellants' motion for a new trial having been overruled by the court below, and their exception saved to such ruling, judgment was rendered by the court upon its said finding.

The alleged errors of the court below, assigned by the appellants in this court, were as follows:

1. In sustaining appellee's demurrer to the first paragraph of the appellants' answer;

2. In sustaining the appellee's demurrer to the third paragraph of the appellants' answer; and,

3. In overruling the appellants' motion for a new trial.

The first two of these alleged errors may properly, in our opinion, be considered together. For, although the first and third paragraphs of the appellants' answer are unlike in some particulars, yet they are alike defective in other particulars, which were imperatively necessary, as we think, in order to make either of said paragraphs a good defence to appellee's action. It is manifest from

the averments of each of said paragraphs, that it was the real estate described therein which was the subject-matter of the parol contract between the appellee and the appellant William Melton, and not the mere deed of the latter for said real estate, to the wife of the appellee. It can not be doubted, that the parol contract, described in each of said paragraphs of answer, was such an one as the parties might lawfully make; nor do we doubt that the part performance of the contract, alleged in each paragraph, was sufficient to take it without the operation of the statute of frauds. But, while it is true, that, by reason of the alleged part performance of the said parol contract, an action might be brought on said contract, or a defence founded thereon, notwithstanding the inhibition of the statute of frauds, yet this fact will not dispense with the making of other proper and necessary averments in a pleading founded upon such contract, where the relief sought, as in this case, is the enforcement, in part at least, of the terms of such contract. In each of the said paragraphs of answer, the contract relied upon was the mutual agreement between the appellant William Melton and the appellee, the terms of which were interdependent. When such an agreement is relied upon, either as cause of action or as matter of defence, the party pleading the same must aver the performance, or a sufficient excuse for the non-performance, of the stipulations of the agreement on his part to be performed, or the pleading will be held insufficient on a demurrer thereto for the want of sufficient facts. *Armstrong* v. *Rockwood,* 53 Ind. 506.

In the first paragraph of their answer, the appellants did not allege the performance, or any excuse for the non-performance by the appellant William Melton, of the stipulation in said agreement by him to be performed. Clearly, therefore, no error was committed by the court below in sustaining the appellee's demurrer to this first paragraph of answer.

The third paragraph of the answer, as we construe it,

was a cross-complaint for the enforcement of the specific performance by the appellee of the parol contract stated therein. In this paragraph, the appellants prayed judgment that the note in suit might be declared paid and satisfied, and for the recovery by said William Melton of said sum of one hundred and sixty-five dollars, and that said sum might be declared a specific lien on said real estate, etc.

In this third paragraph, it was averred, "that he executed a deed of conveyance for said premises, in accordance with the terms of their contract, and tendered the same to the plaintiff, on condition that plaintiff would comply with said contract on his part, but that plaintiff wholly failed to comply with said contract on his part," etc.

This "deed of conveyance" was not brought into court with, nor made a part of, said answer, nor did the appellants continue the tender of said deed in and by their answer. We have set out in full the entire statement in the third paragraph of the answer, in relation to the execution and tender of the deed of conveyance. It seems very clear to us, that this statement was utterly insufficient to show the performance, or tender of performance, by the appellant William Melton, of the stipulations of the parol contract on his part to be performed. It is not alleged in said paragraph, that the "deed of conveyance" executed and tendered was good and sufficient to vest the title to the real estate purchased in the appellee's wife; nor was it even alleged, that the appellant William Melton had any title to said real estate. To entitle the appellants to the relief they asked for in this paragraph, it was indispensable, in our opinion, that they should show, by proper averments, the execution and tender of such a deed as would vest a good title to the real estate purchased in the appellee's wife. *Parker* v. *McAllister,* 14 Ind. 12; and *Smith* v. *Turner,* 50 Ind. 367, and authorities there cited. We think, also, that the tender of the

deed of conveyance should have been continued by the appellants in some form in this third paragraph of answer, either by bringing into court therewith the deed alleged to have been executed, for delivery to the grantee therein, under the order of the court, or by an offer in said paragraph to execute and deliver such deed of conveyance as the court below might order and require. *Fall* v. *Hazelrigg*, 45 Ind. 576.

Our conclusion is, that the court below did not err in sustaining the appellee's demurrer to the third paragraph of the appellants' answer.

In their motion for a new trial, the appellants assigned the following causes therefor:

1. Error of law occurring at the trial, in this, that the court below erred in refusing to permit the appellants to prove by a competent witness, that the appellee, while in possession of the land described in the appellants' answers, under said parol contract, had cut down and destroyed large quantities of timber growing on said land, to the permanent and lasting injury of the inheritance in said land;

2. That the finding of the court was contrary to the evidence; and,

3. That the finding of the court was contrary to law.

In our opinion, the averments of the appellants' answer, in relation to the alleged waste committed by the appellee on the lands in question, were immaterial and not pertinent to the defence attempted to be made by the appellants to appellee's action. And therefore we hold that no error was committed by the court below in excluding the evidence offered by the appellants in regard to such alleged waste.

We have read the evidence in the record, and, in our opinion, the finding of the court below in this case was sustained by the evidence, and was not contrary to law.

We think that the appellants' motion for a new trial was correctly overruled.

The judgment of the court below is affirmed, at the appellants' costs.

Petition for a rehearing overruled.