Sowle *v.* Holdridge *et al.*

---

63 213
f167 274

## SOWLE *v.* HOLDRIDGE ET AL.

SPECIFIC PERFORMANCE.— *Complaint Against Widow and Heirs, to Enforce performance of Ancestor's Contract. — Conveyance.— Mortgage. — Tender.— Demurrer Carried Back.*—A. and B. executed a written contract, wherein the former, for a specified sum of money, agreed to convey a certain tract of land to the latter, by a " good and sufficient deed; and B. agreed therein to procure certain moneys and pay the same to A., as part of the purchase-money, and to execute to A. a mortgage on a specified portion of such land, to secure the payment of the residue of such purchase-money; ⸗and all of such stipulations were to be performed on a day in the future, named in the contract. B. having died subsequent to such day for performance, A. brought an action against the widow and heirs of B., to enforce specific performance of such contract,alleging in his complaint, that, on such day, he had executed and tendered to B. a "good and sufficient deed " for such land, and had demanded performance, by B., of his stipulations, which the latter refused ; that, subsequent to B's death, he had tendered the same deed to the defendants, and demanded of them the performance of B's stipulations, which they refused ; that the same deed was brought into court for the defendants ; that such land had remained in the possession of B. and the defendants ever since the execution, and pursuant to the terms, of such contract ; and that such contract was executed as a settlement of an action then pending between A. and B., concerning the title to such land.

*Held,* on demurrer to the defendants' answer, that such tender to the defendants was insufficient. and that the demurrer should be carried back and sustained to the complaint.

From the Steuben Circuit Court.

*D. E. Palmer* and *G. A. Knickerbocker,* for appellant.

*J. Morris, J. A. Woodhull, J. I. Best* and *W. G. Croxton,* for appellees.

HOWK,C. J.—On the 6th day of November, 1875, the appel-

lant filed in this court a transcript of the record in this action, with an assignment of errors thereon, and the cause was docketed as No. 5,205 of this court.

Afterward, in April, 1876, upon an affidavit filed, showing a diminution of the record, a writ of *certiorari* was awarded, upon the appellant's motion, requiring the clerk of the Steuben Circuit Court to certify to this court a complete transcript of the record of said cause. This writ was never returned, but, in obedience thereto, the clerk of the circuit court certified to this court such complete transcript of the record. Through inadvertence, this latter transcript was filed on the 1st day of August, 1876, and docketed as an original cause, No. 5,769, in this court. From an examination of the two transcripts, which have been filed and docketed as separate causes, it is apparent that they are both copies of the record of one and the same cause. We shall so consider the two transcripts, in our examination and decision of the case.

The suit was commenced by the appellant, as plaintiff, against the appellees, as defendants, on the 9th day of November, 1870. The appellant's complaint contained four paragraphs, in each of which he sought to enforce the specific performance of a written contract, entered into on the 19th day of October, 1858, by and between him, the appellant, and one Dudley Holdridge, then in full life but since deceased, the ancestor of the appellees in this action. Omitting the signatures of the parties, the following is a copy of said written contract, to wit:

"Articles of agreement, made this 19th day of October, A. D. 1858, between Francis Sowle and Dudley Holdridge, as follows, to wit: Sowle agrees to convey the S. E. $\frac{1}{4}$, section 28, Tp. 37 N., R. 14 E., in Steuben county, Indiana, to Dudley Holdridge, for the consideration of nine hundred dollars, making good and sufficient deed therefor; and said Holdridge agrees to pay therefor the sum of nine

hundred dollars, as follows, to wit: Said Holdridge is to obtain and pay down to Sowle the amount tendered and paid into court in the case of *Sowle* v. *Holdridge,* now pending in the St. Joseph Circuit Court, Indiana, and the balance in payments, one-third one year from this date, one-third two years from this date, the balance three years from this date, with use, and waiving valuation laws of Indiana, and execute a mortgage on the west half of said quarter section, for the payment of the same, and the performance of these stipulations; and it is agreed, that the parties shall pay their witness fees respectively, and the balance of the costs of suit, each to pay one-half in the suit aforesaid; and Holdridge is to pay taxes of 1858 on the land.

" The performance of the above stipulations, respectively, to be done on the 3d of November next; and for the performance the parties bind themselves in the sum of one thousand dollars. Witness," etc.

Each of the four paragraphs of the appellant's complaint counts upon the said written contract or agreement; and in each of said paragraphs it was alleged, in substance, that, on the 3d day of November, 1858, the appellant had executed and tendered to said Dudley Holdridge a good and sufficient deed of said land, and demanded performance by said Holdridge of the stipulations of said contract on his part to be performed, which he, the said Holdridge, had then and ever since neglected and refused to do and perform; that since the execution of said written contract, on October 19th, 1858, the said Dudley Holdridge and his heirs, the appellees, had continued and then were in the possession of said real estate, under said contract; that, on said 19th day of October, 1858, there was pending in the St. Joseph Circuit Court, on a change of the venue thereof from the Steuben Circuit Court, a suit between the said appellant and said Dudley Holdridge, wherein the

title to, and ownership of, said real estate were in issue, and were claimed by said Holdridge, which said suit was then compromised and discontinued upon the terms stated in said written contract, by which compromise the title to said real estate was conceded to be in the appellant, and said Dudley Holdridge purchased the same upon the terms mentioned in said contract; that the entire purchase-money mentioned in said written contract remained un-paid; that the said Dudley Holdridge, on the —— day of ——, 1864, departed this life intestate, leaving the appellees as his widow and heirs at law; that the appellant had fully performed all the stipulations of said written contract on his part to be performed; and that he, the appellant, on the 1st day of October, 1869, tendered to the appellees the same deed, so executed and tendered by him as aforesaid, to said Dudley Holdridge, and demanded that they, the appellees, should fulfil the said contract on their part, which they refused to do; and that he, the appellant, then brought "the same deed" into court, to be delivered to the appellees upon their payment of the amount due under said contract, or when the court should decree that he had a lien upon said real estate for said amount. Wherefore, etc.

The appellees answered in eight paragraphs, the first two of which were subsequently withdrawn. To each of the remaining paragraphs the appellant demurred, for the alleged insufficiency of the facts therein to constitute a defence; which demurrers were severally overruled, and to each of these decisions the appellant excepted.

The appellant replied in ten paragraphs to the remaining answers of the appellees. The fourth and tenth replies were struck out by the court, on the appellee's motion, and to this decision the appellant excepted.

The cause was tried by the court, without a jury, and a finding made for the appellees

The appellant's motion for a new trial having been over-ruled, and his exception saved to such ruling, judgment was rendered on the finding, against the appellant, and he now prosecutes this appeal therefrom, in this court.

All the decisions of the circuit court, adverse to him, have been assigned in this court by the appellant, as alleged errors, and need not be repeated.

The controlling question in this case, as it seems to us, may be thus stated : Does it appear from the record of this cause, that, at the time this suit was commenced, the appellant was entitled, as against the appellees, to a specific performance of the written contract counted upon and described in the several paragraphs of the appellant's complaint ?

The evidence on the trial in the circuit court is not set out in the record; and therefore the question stated must be answered upon the hypothesis that the matters alleged in the several paragraphs of the complaint are true, as therein alleged. Upon his own showing, was the appellant entitled, as against the appellees, to a specific performance of the written contract ?

As we have seen, this contract was entered into, by and between the appellant and said Dudley Holdridge, on the 19th day of October, 1858. By its terms, the contract was to be performed by both the parties thereto, on the 3d day of November, then next ensuing, or in fifteen days after its date. In each paragraph of his complaint, the appellant alleged, that, on said last named day, he had performed his part of said contract, had executed and tendered a good and sufficient deed of the real estate described to the said Dudley Holdridge, and had demanded of him performance of the stipulations of the contract, on the part of him, the said Dudley Holdridge, to be done and performed. But Dudley Holdridge neglected and refused to perform his part of said contract. He lived for about six years after

the date of the contract; and the record fails to show, that, during those years, the appellant made any effort to enforce the performance of the contract.   In 1864, Dudley Holdridge died, and about six years afterward, on the 9th day of November, 1870, the appellant commenced this action against the appellees, the widow and heirs at law of said Dudley Holdridge, to enforce the performance of said contract.

It will be seen from the copy of the contract set out in this opinion, that the agreements of the parties were mutual, and the acts to be performed thereunder were to be concurrent.   It is clear, therefore, that the appellant could not enforce this contract against Dudley Holdridge or his heirs at law, until he, the appellant, had done and tendered the performance of that which he was required to do, by the terms of said contract.   If the appellant had commenced his action against Dudley Holdridge, and prosecuted the same against him, in his lifetime, to final judgment, then, we think, that the averments of his complaint would have shown, with sufficient certainty, his execution and tender of a sufficient deed, before the commencement of his action.   But Dudley Holdridge died long before this suit was commenced, and when he died, the deed, which the appellant made but did not deliver, to him, became inoperative and of no effect.   The tender of the deed, without the delivery thereof, to said Dudley Holdridge, certainly did not convey to him any title to, or interest in, the said real estate; and we are clearly of the opinion, that, after his death, neither the tender nor, indeed, the actual delivery of "the same deed" to his heirs at law would convey to them any title or interest whatsoever in or to the said real estate.

In our opinion, the appellant's complaint in this action, and each and every paragraph thereof, were defective and insufficient, in this : that they, and each of them, failed to

show, by proper averments, that the appellant had, before this suit was brought against the appellees, as ·the widow and heirs at law of said Dudley Holdridge, deceased, made and tendered to them " a good and sufficient deed" of the real estate described in said written contract;—and in this : that they and each of them failed to bring into court such deed to the appellees, and to continue the tender thereof to the appellees, by any proper averments.    *Parker* v. *McAllister*, 14 Ind. 12;  *Smith* v. *Turner*, 50 Ind. 367;  *Melton* v. *Coffelt*, 59 Ind. 310.

The demurrers to the answers, we think, should have been sustained as to each paragraph of the complaint.

Other questions have been presented and ably and elaborately argued, by the learned counsel of the respective parties; but we need not and do not consider them, as the conclusion we have reached, in regard to the insufficiency of the appellant's complaint, will necessarily lead, in this case, to the affirmance of the judgment.

The judgment is affirmed, at the appellant's costs.

NOTE.—Worden, J., having been of counsel in this cause, was absent when the same was considered.