Filed May 18, 1887.

————————◆————————

## No. 12,734.

## Goodwine v. Morey.

REAL ESTATE.—*Executory Contract to Convey.*—*Suit to Enforce.*—*Tender of Deed.*—*Complaint.*—Where the vendor seeks to enforce an executory contract for the conveyance of land, the complaint must aver a tender of a sufficient warranty deed, and the tender must be kept good by bringing

the instrument into court, or by an averment of a readiness and willingness to execute a deed that will vest title in the purchaser.

From the Benton Circuit Court.

*M. H. Walker* and *I. H. Phares,* for appellant.
*T. L. Merrick* and *H. S. Travis,* for appellee.

ELLIOTT, C. J.—The appellee alleges in his complaint that he entered into a parol contract with the appellant, wherein he agreed to sell the latter a tract of land; that part of the consideration was paid and possession of the land was taken under the contract. It is not averred in the complaint that the appellee has any title to the land, or that his deed will convey any, and the averment as to the tender of the deed reads thus: "That before the bringing of this suit the plaintiff executed and tendered to the defendant a good and sufficient deed of general warranty." The prayer of the complaint is for a personal judgment, and for the enforcement of a vendor's lien.

Our decisions declare that where the vendor seeks to enforce an executory contract for the conveyance of land, he must have a perfect title to the land at the time the purchase-money becomes due, and must, also, tender a warranty deed to the purchaser. *Small* v. *Reeves,* 14 Ind. 163; *Parker* v. *McAllister,* 14 Ind. 12.

In *Mix* v. *Ellsworth,* 5 Ind. 517, a great number of cases are collected, and it was there held that an action for the recovery of purchase-money could not be maintained unless a deed had been tendered; but in most of the cases there cited the question arose on a plea, so that those cases can not be regarded as fully in point here. The question as it is here presented, however, came directly before the court in *Melton* v. *Coffelt,* 59 Ind. 310, and it was decided that the pleading must aver a tender of a sufficient warranty deed, and that the tender must be kept good by bringing the deed into court, or by an averment of a readiness and willingness to execute a deed that would vest title in the purchaser. Under the

rule declared in the case last cited, the complaint must be held bad. There are other cases in our reports which declare a like doctrine. *Cook* v. *Bean,* 17 Ind. 504; *Mather* v. *Scoles,* 35 Ind. 1; *Smith* v. *Turner,* 50 Ind. 367; *Sowle* v. *Holdridge,* 63 Ind. 213 (218); *Overly* v. *Tipton,* 68 Ind. 410 (414).

Judgment reversed.

Filed May 20, 1887.