## DITCHEY v. LEE.

[No. 20,786. Filed October 26, 1906.]

1. APPEAL AND ERROR.—*Complaint.*—*Sufficiency.*—*Conclusions of Law.*—*Exceptions.*—*Same Questions Presented.*—Where the special findings show the same facts as alleged in the cross-complaint a decision on the exception to the conclusions of law renders unnecessary a decision on the sufficiency of such cross-complaint. p. 269.

2. VENDOR AND PURCHASER.—*Marketable Title.*—*Contracts.*—In the absence of an agreement to the contrary, the vendor of real estate is required to convey a marketable title. p. 272.

3. WILLS.—*Devises.*—*Charges on Land.*—*Words and Phrases.*—*Forfeitures.*—*Consideration.*—A will devising lands to testator's daughter "on condition" that she pay the mother $100 annually, and making such payment a charge on the land, but making no provision for a forfeiture or a devise over in case of a default, merely encumbers such land with such payment, the collection of which may be coerced by foreclosure, the word "condition" being used in the sense of "consideration." p. 273.

4. VENDOR AND PURCHASER.—*Marketable Title.*—*Wills.*—*Estates.*—A title to real estate which is perfect, with the exception of the title devised by a will, which charged an annuity of $100 against such land during the life of testator's widow, is, with such lien excepted, a marketable title. p. 273.

5. SAME. — *Unmarketable Title.* — *Contracts.*—*Liens.*—*Assumption of Payment.*—*Consideration.*—A vendee may contract for

a defective title; and he may assume the payment of liens upon the lands conveyed either as a part of the consideration named in the deed or in addition to such consideration.  p. 273.

6.  TRIAL.—*Special Findings.—Liens.—Assumption of Payment of.*—A special finding that cross-defendant agreed to take the title to the purchased land "subject" to a certain lien, and "assumed" payment thereof, sufficiently shows that such cross-defendant agreed to pay such lien.  p. 274.

7.  SAME.—*Special Findings.—Vendor and Purchaser.—Bills and Notes.—Contracts.*—Where a vendee executed his note in part consideration for a certain conveyance, the contract requiring the vendee at a certain time to pay such note, whereupon the vendor should execute the deed of conveyance, an offer by the vendor at such time to execute such deed in accordance with the contract, and a refusal of the vendee to pay such note, warrant a recovery by the vendor.  p. 274.

8.  EVIDENCE.—*Contracts.—Contemporaneous Oral Declarations.*—The admission of the declarations of parties made during the negotiations resulting in the execution of the contract sued upon is not necessarily harmful to the party refusing to comply.  p. 274.

9.  CONTRACTS. — *Separate Instruments. — Deeds.—Mortgages.—Bills and Notes.*—A contract in writing, a deed, mortgage and notes, all executed as a part of one transaction will all be construed as constituting the contract.  p. 275.

10.  EVIDENCE.—*Parol.—Written Contracts.—Explanations.*—Parol evidence is not admissible to vary or contradict a written contract; but such evidence is admissible to explain the circumstances, to show the real consideration, to identify the subject-matter and to give effect to such contract.  p. 275.

11.  CONTRACTS.—*Assumption of Payment of Mortgage and Annuity.*—Where the devisee of lands charged with an annuity of $100 payable to devisee's mother, sold same, reserving a mortgage for $2,500 payable at her mother's death, and bearing four per cent interest, such interest constituting the annuity payment, a subsequent purchaser agreeing to pay such mortgage and annuity did not thereby assume a double payment of such annuity, but simply to pay as provided in the original agreement.  p. 275.

12.  PLEADING.—*Motion in Arrest.—Motion to Modify Judgment.—Special Findings.*—Where the special findings set out the facts alleged in the cross-complaint and fully sustain the judgment rendered, the decision thereon disposes of the questions raised by motions in arrest and for modification of the judgment.  p. 276.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Action by Jacob Ditchey against Charles W. Lee. From a judgment for defendant on his cross-complaint, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*James V. Kent* and *Harry C. Sheridan,* for appellant.
*John C. Farber,* for appellee.

MONTGOMERY, J.—Appellant brought this action for money paid upon a contract for the purchase of certain real estate. The complaint comprises five paragraphs. The answer consists of a general denial and an affirmative paragraph, to which a reply in three paragraphs was filed. Appellee also filed a cross-complaint founded upon a promissory note, which was answered in four paragraphs, to which answers appellee replied in denial.

The errors assigned and relied upon are that the cross-complaint does not contain facts sufficient to constitute a cause of action, that the court erred in each conclusion of law stated upon the special finding of facts, and in overruling appellant's motions for a new trial, in arrest of judgment, and to modify the judgment.

1. The merits of the controversy are most concisely exhibited by the special finding of facts; and appellant's exception to the conclusions of law stated thereon renders it unnecessary to consider separately the charge that the facts averred in the cross-complaint are insufficient. *Ross* v. *Van Natta* (1905), 164 Ind. 557.

The following is a summary of the facts found by the court: On August 15, 1903, appellee was the owner in fee simple of lands particularly described, in Clinton county, containing ninety-seven and fifty one-hundredths acres, more or less. In the year 1892 Wilson Cohee died testate, the owner in fee of said lands, and by item seven of his last will, which was afterwards duly probated, he devised the same to his daughter, Rebecca F. Mushlitz, upon the condi-

tion that she pay to her mother, Susannah Cohee, during life, $100 annually, which annual payment was made a charge thereon. On March 23, 1892, said Susannah Cohee duly filed her election in writing to take the provision made for her in said will, in lieu of her statutory rights in the estate of her deceased husband. On August 20, 1902, said Rebecca F. Mushlitz sold and, together with her husband, by warranty deed conveyed said lands to James P. Dudley, subject to an annual dower of $100, payable to Susannah Cohee, the first payment to be made March 1, 1904, which deed was duly recorded February 26, 1903. On February 26, 1903, said Dudley, a single man, executed a mortgage on the lands to said Rebecca F. Mushlitz, to secure the payment of a promissory note for $2,500, payable sixty days after the death of said Susannah Cohee, being the unpaid balance of purchase money for said real estate; and in the mortgage it was expressly stipulated that said Dudley, as and for interest upon the debt thereby secured, should pay annually to said Susannah Cohee $100, beginning March 1, 1904, and continuing each year thereafter during the life of said Susannah Cohee, which mortgage was duly recorded February 27, 1903. On February 28, 1903, Dudley sold and by warranty deed conveyed said lands to appellee, subject to said mortgage and subject to an annual payment of $100 to Susannah Cohee during her natural life, which charges appellee assumed and agreed to pay as a part of the purchase money for the lands, which deed was duly recorded March 3, 1903. On August 15, 1903, appellant, with full knowledge of the provisions of said will and of said mortgage, and of the deed from Dudley to appellee, and of the title to the lands, entered into a contract with appellee for the purchase of the lands, in pursuance of the terms of which appellee prepared, and, together with his wife, signed and duly acknowledged a warranty deed conveying the same to appellant, for a stated consideration of $9,000; this deed contained provisions by which appellant

assumed the payment of taxes commencing with the spring instalment of 1904, the Dudley mortgage of $2,500, and $100 annually to said Susannah Cohee during her life, as part payment of the purchase money for the lands. Appellant read, examined and approved said deed when so prepared and signed, and thereupon paid appellee $900 in cash, and executed and delivered to him his promissory note for $1,375, payable on or before March 1, 1904, with six per cent interest and attorney's fees, being the note sued upon in the cross-complaint, and appellant also signed four promissory notes for $1,000 each, payable in one, two, three, and four years after date, and four notes for interest on the principal notes calculated at six per cent to maturity, and a mortgage on the lands to secure the payment of said four principal and interest notes. Appellant and appellee further agreed that said principal and interest notes and said mortgage should be placed in an envelope, sealed and deposited in the Clinton County Bank until March 1, 1904, when appellant was to pay the note for $1,375, cause the mortgage to be dated, signed by his wife, properly acknowledged, and delivered, together with the notes secured, to appellee, and thereupon said deed from appellee should be delivered to appellant. The deed, notes and mortgages were placed in an envelope, sealed up, and taken by appellant and appellee and deposited with an officer of the American National Bank of Frankfort, the change of depository having been mutually agreed upon, and these papers so remained with said bank until the trial of this cause. A memorandum of the contract for the purchase and sale of said lands was, at the time, made in writing and signed by appellant and appellee, in which reference was made to said notes, mortgage and deed. On September 12, 1903, appellant paid appellee $250 on the note for $1,375, and on February 29, 1904, notified him that he would be unable to raise the money for the payment of the balance of said note, and on March 1, 1904, by one

McClamrock, offered appellee the sum of $1,165.33 in payment of said note, on condition that appellee would release the lands from the annual payment or charge of $100 to Susannah Cohee. Appellee thereupon declared that ·he could not release the annual charge, and had not contracted to do so, and offered to accept the money in payment of said note, but appellant refused to pay except upon condition that such charge be released. On March 1, 1904, appellee requested appellant to have said mortgage signed, acknowledged, and delivered, together with said notes, and to pay the balance of the note for $1,375, and upon the same being done offered to deliver said deed, and ever since has been able, willing, and ready to deliver the deed and to convey the lands in accordance with said contract, but appellant failed to do as requested. The balance of principal and interest due on said note is $1,200, and a reasonable attorney's fee thereon is $70, which amounts are due and owing from appellant to appellee upon the note sued upon in the cross-complaint and remain unpaid. Said Susannah Cohee is alive, but appellant refused to make the annual payment to her March 1, 1904, as required by the terms of said contract and deed.

As conclusions of law upon these facts the court stated: (1) That appellant take nothing, and that appellee recover costs upon the issues joined on the complaint; (2) that appellee recover of appellant on the cross-complaint $1,270, together with costs.

Appellant's learned counsel base their principal contention upon the proposition, that in the absence of an agreement to the contrary, the vendor of real estate is required to convey a marketable title. *Small* v. *Reeves* (1860), 14 Ind. 163; *Smith* v. *Turner* (1875), 50 Ind. 367; *Goodwine* v. *Morey* (1887), 111 Ind. 68; *Morris* v. *Goodwin* (1891), 1 Ind. App. 481; *Puterbaugh* v. *Puterbaugh* (1893), 7 Ind. App. 280. This general proposition of law is well settled, but, when applied

2.

to the case at bar, it is not decisive of appellant's contention. The will of Wilson Cohee, deceased, devised the lands in controversy to his daughter, on condition
3. that she pay to her mother during life $100 annually; and the payment was made a charge upon the lands. No provision was made for a forfeiture of the title,. nor was devise over made to the widow or to any one else in the event of default in payment and forfeiture of the title by the daughter. It is clear that the word "condition" was used in the will in the sense of consideration, and that the title devised was not conditional, but was merely encumbered with an annual charge of $100 during the lifetime of Susannah Cohee. The title devised was absolute, subject only to the specific lien charged against it, and in case of default in payment the remedy would be a foreclosure of the lien, and not a forfeiture of the land. *Van Horn* v. *Mercer* (1902), 29 Ind. App. 277.

This interpretation of the will, which we think plain—beyond serious controversy—leads to the conclu-
4. sion that the chain of title exhibited, apart from liens, is good and marketable.

A purchaser of land may contract to accept a defective title and a conveyance without covenants of general warranty, and may also assume outstanding liens upon
5. the land conveyed, either as part of the consideration named in the deed, or in addition to such stated consideration. *Allen* v. *Lee* (1848), 1 Ind. 58, 48 Am. Dec. 352; *Rockhill* v. *Spraggs* (1857), 9 Ind. 30, 68 Am. Dec. 607; *Pitman* v. *Conner* (1866), 27 Ind. 337; *Robinius* v. *Lister* (1868), 30 Ind. 142, 95 Am. Dec. 674; *McDill* v. *Gunn* (1873), 43 Ind. 315; *Davis* v. *Hardy* (1881), 76 Ind. 272; *Carnahan* v. *Tousey* (1884), 93 Ind. 561; *State, ex rel.,* v. *Kelso* (1884), 94 Ind. 587; *Stanton* v. *Kenrick* (1893), 135 Ind. 382.

Appellant insists, however, that it is not shown that he assumed payment of the lien created by the will of Wilson

Cohee, deceased.   The fact is not found in precise terms, but the finding is that appellant agreed to take the title subject to the payment of $100 annually to Susannah Cohee, during her natural life, and assumed the payment thereof.   It is not specifically found that this charge was a lien created by will, or by some form of contract, but the necessity of making a conveyance subject to this payment inevitably implies the lien; it was enumerated among other liens assumed, and it is not apparent to us how the character of the instrument by which the lien was created could materially affect the rights of the purchaser.   In our opinion the finding is sufficiently specific upon this point, and the first conclusion of law correct.

The court found that the note sued upon in the cross-complaint was executed by appellant in pursuance of his contract with appellee and in part payment for the land, and that at the time agreed upon appellee requested appellant to perform his part of said contract, and thereupon proffered a deed, duly signed and acknowledged, conveying the title in accordance with the terms of the contract, and at all times since had been able, willing, and ready to comply with the conditions of said contract on his part.   These facts authorized a recovery upon the note, and justified the second conclusion of law. *Small* v. *Reeves* (1860), 14 Ind. 163; *Melton* v. *Coffelt* (1877), 59 Ind. 310; *Sowle* v. *Holdridge* (1878), 63 Ind. 213; *Schierman* v. *Beckett* (1882), 88 Ind. 52; *Goodwine* v. *Morey* (1887), 111 Ind. 68; *Washington Glass Co.* v. *Mosbaugh* (1898), 19 Ind. App. 105.

Complaint is made in the motion for a new trial of the admission of oral evidence.   The objectionable evidence involved conversations and statements of appellant's occurring prior to, and concurrently with, the execution of the contract between the parties, and related wholly to the subject-matter in controversy.   Conceding that the contract is in writing, we are unable to say .

that there was error in the admission of this evidence, or that any harm resulted therefrom to appellant.

The memorandum, the notes, mortgage, and deed executed at the same time and as parts of one transaction, and the other papers referred to therein, constituted the contract between the parties. *Leach v. Rains* (1897), 149 Ind. 152; *Schmueckle v. Waters* (1890), 125 Ind. 265; *Carr v. Hays* (1887), 110 Ind. 408; *Ireland v. Montgomery* (1870), 34 Ind. 174; *Guaranty, etc., Loan Assn. v. Rutan* (1893), 6 Ind. App. 83.

It is an elementary proposition that parol evidence is not admissible to impeach or vary the contents of a written contract, or to control its legal effect; but such evidence is competent to explain the circumstances under which the writing was executed, to show the real consideration upon which it rests, to identify the subject-matter where proper reference is made, and to give effect to the contract. *Kentucky, etc., Bridge Co. v. Hall* (1890), 125 Ind. 220; *Martindale v. Parsons* (1884), 98 Ind. 174; *Mace v. Jackson* (1871), 38 Ind. 162; *Harris v. Doe* (1837), 4 Blackf. 369; *Howard v. Adkins* (1906), *ante*, 184. These principles and authorities justified the admission of the oral evidence of which complaint is made.

It is contended that the findings are not sustained by the evidence. It clearly appears from the contents of the writings that appellant expressly assumed and agreed to pay $100 annually to Susannah Cohee during life, and also assumed the payment of a mortgage executed by Dudley to Rebecca F. Mushlitz for $2,500, to become due sixty days after the death of said Susannah Cohee, by the terms of which the mortgagor was required to pay as interest thereon $100 annually on March 1 to said Susannah Cohee. Appellant's counsel suggests that these stipulations provide for a double annual payment to Mrs. Cohee. If this were so, it would probably not release appellant from the contract; but we think it clear that

such a construction would be contrary to the intention of the parties. The annuity was made a charge upon the land primarily by the will of Wilson Cohee in his devise to his daughter, and when she parted with the title she required the purchaser to assume this payment, and provided that $2,500 of the purchase money should remain unpaid until after the death of Mrs. Cohee, which should bear interest at an equivalent of four per cent and be payable directly to Mrs. Cohee. The successive purchasers assumed like obligations, so that, under the arrangements, the holder of the title was at all times liable as principal for this annuity and chargeable with any default in its payment. It is manifest that the payment of $100 annually to Susannah Cohee satisfied the provisions of the will, and the one payment was all that was ever contemplated by the parties to this action. In our opinion the terms of the contract were not enlarged, varied, or contradicted by the parol testimony admitted, but the writings themselves sustain and justify the findings of the court. The motion for a new trial was properly overruled. What has been said necessarily disposes of the motion in arrest and for a modification of the judgment.

No error being shown the judgment is affirmed.