SAPINSKY ET AL. *v.* JEFFERSON COUNTY CONSTRUCTION COMPANY ET AL.

[No. 10,914. Filed June 30, 1921. Rehearing denied October 14, 1921. Transfer denied April 20, 1923.]

VENDOR AND PURCHASER.—*Sale of Land.*—*Notes Given for Part of Purchase Price.*—*Consideration.*—*Sufficiency.*—Where a purchaser of realty made a cash payment and gave her notes for the balance of the purchase price, and the seller executed a written contract stipulating that he would convey the realty to the purchaser on payment of the notes, the contract was a sufficient consideration for the notes, and they were collectible, notwithstanding an attempt by the purchaser to rescind the contract.

From Floyd Circuit Court; *John M. Paris,* Judge.

Action by the Jefferson County Construction Company against Minnie Sapinsky and another, in which Thomas M. McCulloch and James W. Dunbar filed cross-

complaints. From a judgment for plaintiff and cross-complainants, the defendants appeal. *Affirmed.*

*George H. Hester* and *Charles D. Kelso,* for appellants.

*Stotsenburg & Weathers,* for appellees.

NICHOLS, P. J.—This action was by appellee Jefferson County Construction Company against appellants to recover upon a purchase money note, with cross-complaint filed by appellees McCulloch and Dunbar based upon similar notes. There was a cross-complaint by appellant by which she sought to recover the purchase money which she had already paid as a cash payment.

The facts of the case, so far as concern this appeal are stated in the special finding of the court and are in substance as follows:

Appellant Minnie Sapinsky on June 15, 1916, purchased of the McCulloch Land and Improvement Company some eighteen lots in an addition to the city of New Albany, made by said company, and agreed to pay therefor $5,418.50. At the time of the purchase she paid to said company on account of such purchase price $1,379.62 in cash and for the balance she executed to said company her three promissory notes each for $1,379.62, and maturing respectively in one, two and three years, after their date. The company executed to said Minnie Sapinsky its written contract wherein it agreed to convey said lots to her upon payment of such notes. Under the terms of the agreement she was entitled to the possession of said lots and agreed to pay the taxes and other assessments that might be levied against them. A few days after such transaction took place, the McCulloch Land and Improvement Company assigned and transferred said three notes to three of its stockholders, one Minnie Marshall getting the first maturing, the appellee McCulloch, the second maturing,

and the appellee Dunbar the last maturing. Shortly thereafter said Marshall assigned and transferred her note to the appellee Jefferson County Construction Company. After these transfers were made, Mrs. Sapinsky attempted to repudiate her contract, but the company would not agree · thereto. Subsequently to this she attempted to sell or trade such lots to others. On April 1, 1919, the second note, the one assigned to appellee McCulloch, being past due, and unpaid, he instituted his action thereon in the court below against said Sapinsky and the McCulloch Land and Improvement Company. Subsequently the appellee Jefferson County Construction Company instituted its action in said court on its note, making parties thereto Minnie Sapinsky, McCulloch Land and Improvement Company, McCulloch and Dunbar. In its complaint it sought judgment on its note and a foreclosure of its equitable vendor's lien. Both of these actions were commenced before the maturity of the third note. After the appearances of the parties in the last mentioned case, the court ordered the cases consolidated, under the number and title of the last case, and the complaint in the first case was ordered to be filed as a cross-complaint in the last cause. Before the maturity of the last mentioned note, the land company tendered to Mrs. Sapinsky a properly executed warranty deed for said lots, but she refused to accept it. The cause was tried on an amended complaint and the amended cross-complaints of the appellees Dunbar and McCulloch. The holders of such notes by their respective pleadings sought judgment on their several notes and a foreclosure of an equitable vendor's lien on said lots.

On these facts, specially found and briefly stated above, the court stated conclusions of law in favor of each of the appellees, upon which a personal judgment was rendered against appellants in favor of appellee

Jefferson County Construction Company for $1,653, in favor of appellee McCulloch for $1,653, and in favor of appellee Dunbar for $1,653, which amounts were each decreed to be secured by a vendor's lien on the real estate involved, the title to which is held by the McCulloch Land and Improvement Company, with a decree for the foreclosure of such lien, for the sale of said real estate, and for the application of the proceeds of sale, to the payment of the costs, of the judgment of the Jefferson County Construction Company, of the judgment of appellee McCulloch, and of the judgment of appellee Dunbar.

Appellant Sapinsky challenges the respective conclusions of law pertaining to the several rights of appellee to a personal judgment against her, and their respective rights to an execution over against her for any residue, after the application of the proceeds of the sale of the land to the payment of the judgments. She seems not to comprehend the obligation of her contract, which, without any pretense that it was unfair, or in any manner fraudulently obtained, or that for any lawful reason it was voidable, without the consent of the other contracting party, she says she has rescinded, and therefore the notes in suit growing out of her contract of purchase are not collectible. When contracts can be so lightly treated, and so easily repudiated, substantial business relations will end. Happily, we have not yet reached that stage. The contract was not rescinded, was valid, and was a sufficient consideration for the notes in suit. *Schierman* v. *Beckett* (1882), 88 Ind. 52; *Ditchey* v. *Lee* (1906), 167 Ind. 267, 78 N. E. 972; *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 69 N. E. 193, 102 Am. St. 223. Having attempted to repudiate her contract of purchase, appellant cites numerous authorities pertaining to contracts and their breach which have

no application to the principles of law here involved, and we therefore do not consider them.

By her cross-complaint appellant seeks to recover the cash payment which she had made, but the pleading does not show, nor do the findings show, that she was not at fault, but it does appear that the vendor was ready and willing to perform the contract, and that it made a tender of the deed, and demanded the purchase money. There was no right of recovery on the cross-complaint. *Todd* v. *Collier* (1876), 53 Ind. 122; *Day* v. *Wilson* (1882), 83 Ind. 463, 43 Am. Rep. 76; *Morris, Gdn.* v. *Goodwin* (1891), 1 Ind. App. 481, 27 N. E. 985. The death of appellant since submission having been suggested, the judgment is affirmed as of the date of submission.