[Civ. No. 6212.   Third Appellate District.—February 26, 1940.]

H. S. BUTTRAM et al., Appellants, v. LIVONIA J. FINLEY et al., Respondents.

460

Murphy & Brownscombe and James F. Brennan for Appellants.

Geary & Geary & C. J. Tauzer, Barrett & McConnell and J. O. Kroyer for Respondents.

THE COURT.—The plaintiffs have appealed from a judgment which was rendered against them in a suit to quiet title to real property. The will of Henry Clay Mizer, deceased, devised to his wife Sarah a life estate in the undivided one-half of his real and personal property. The remainder in that property, except the remainder in a sixty-

acre tract which was given to another party, at the death of the widow was devised to Nancy Buttram, a sister of the testator, and in the event of her death before that of the widow, the property was to pass to the heirs of Nancy Buttram. The land was subjected to a charge of $1500 to be expended in erecting a monument on the grave of the widow. Sarah Mizer survived Nancy Buttram. At the death of the testator's sister her heirs immediately became entitled to a vested remainder in the property, subject to the life estate of the widow, and subject to the charge of $1500 to erect a monument on the widow's grave when she died. The widow died in 1928. The monument was not erected. In this suit to quiet title to the land, the trial court held that the construction of the monument was a "condition precedent" to the passing of title to the heirs, and that their failure to erect the monument defeated their title. A judgment was accordingly rendered to the effect that the plaintiffs take nothing by their action, and that the defendants recover their costs of suit. From that judgment this appeal was perfected.

Henry Clay Mizer died testate in Sonoma County in 1877, possessed of real and personal property, including the land which is involved in this suit. He left surviving him a widow, a nephew and a sister, together with heirs of the latter, who are plaintiffs in this action. The will was admitted to probate. After making a certain devise, it provided, with relation to the property affected by the judgment in this suit, that:

"Upon the demise of my wife I give and devise to my sister Nancy Buttram, . . . the remainder and residue of my property, and in the event of her death before my said wife, then to the heirs of my said sister Nancy Buttram," etc.

The will also contained a clause directing the construction of monuments over the graves of the testator and his wife, as follows:

"I direct that my body be decently buried, and that out of the common property the sum of fifteen hundred dollars be used to procure a monument to be placed at my grave, and that out of the common [property] the same amount also be used to procure a proper monument to be placed at the grave of my wife on her decease."

The final decree of distribution was entered April 12, 1880, conveying to Sarah P. Mizer, the widow of the testator, who remarried after the death of her husband, and was then known as Sarah P. Lynch, specified property in the following manner:

"One half of the residue of said estate and a life interest in the other half and on her death . . . to the said Nancy Buttram if she survives her (Sarah P. Lynch) the residue of said other one half after deducting said 60 acres, but should said Nancy die first then to her heirs *but as a condition precedent* the said share to Nancy Buttram or her heirs is subject to the sum of $1500.00 to be invested in a monument to be erected to the said *Sarah P. Lynch according to said will; and the said amount is, and is hereby made a charge upon said residue devised to Nancy Buttram or her heirs.*"

The monument was erected on the grave of Mr. Mizer as directed by the will. Nancy Buttram died March 3, 1921. Her heirs thereupon became entitled to a vested remainder in the property subject to the life estate of the widow and subject to the erecting of the $1500 monument on the widow's grave when she died. The widow again married and assumed the name of Sarah P. Hart. She died January 4, 1928. This suit to quiet title was commenced by the heirs of Nancy Buttram and the grantees of some of them, on January 4, 1933. On the erroneous theory that the request of the testator to erect a monument on the grave of his widow at an expense of $1500 became a "condition precedent" to the passing of title to the heirs of Nancy Buttram, the court adopted a finding that:

"The plaintiffs have not, nor has either or any of them any right, title, estate or interest whatsoever in and to any of the lands and premises described in Paragraph I of the Findings of Facts herein."

It will be observed the will made no reference to the payment of the cost of the monument as a "condition precedent". Nor did it impress that property with a lien to secure the payment of the cost of the monument. It merely stated that the cost of the monuments should be paid "out of the common property". The decree of distribution, however, does refer to a "condition precedent", and it purports to dis-

tribute the remainder to Nancy Buttram, who was then alive, or, in the event of her death, to her heirs, "subject to the sum of $1500.00 to be invested as a monument to be erected to the said Sarah P. Lynch, according to said will, *and the said amount be* and is *hereby made a' charge upon said residue devised to Nancy Buttram or her heirs.*"

In support of the judgment the respondents contend that the defendants' title depends exclusively upon the language of the decree which declares that the payment of the cost of the monument is a "condition precedent" to the passing of title to the heirs of Nancy Buttram, and that since the language of the decree is unambiguous, reference may not be had to the will to construe the meaning of that provision.

On the contrary, the appellants assert that since the decree refers to a "condition precedent" and also declares that the cost of erecting the monument shall become a charge against the lands devised, the two statements are inconsistent; that the language of the decree is uncertain and ambiguous for that reason, and the will may therefore be resorted to for the purpose of determining the intention of the testator in that regard. The appellants also contend that the law construes the language of the decree to create a mere lien against the land to secure the payment of the cost of the monument, and that the failure to pay that obligation does not defeat their title to the land; that it is therefore unnecessary to resort to the will to determine the intention of the testator in that regard.

■ We are constrained to hold the cost of erecting the monument on the grave of the widow of the testator was not a "condition precedent" to the passing of title to the land to the heirs of Nancy Buttram, but, on the contrary, that it was in the nature of a mere covenant or equitable lien which created "a charge upon the residue (of land) devised". The decree of distribution so states. That charge against the interest in the land established a lien to secure the payment of that obligation. That indebtedness did not accrue until the widow died in 1928. The will declares that the monument shall be erected "on her decease".

■ The law does not favor the creation of conditions precedent which have the effect of defeating the vesting of estates. Conditions in a deed or will should be strictly construed *in favor of `the vesting of estates,* rather than to de-

feat the title intended to be conveyed by the instruments. It is said in 1 Tiffany on Real Property, second edition, pages 270, 273, sections 79 and 80, in that regard:

"The law is favorable to the vesting of estates, and adverse to their destruction, and consequently a stipulation in a conveyance *or a devise* will be construed, if possible, not to create a condition. The courts will, by preference, construe language *as creating a covenant,* a trust, *or an equitable charge.* . . .

"On the principle of hostility to conditions, before referred to, a condition precedent is construed strictly in favor of vesting the estate."

It is true that *unambiguous* language of a decree of distribution is controlling upon the heirs and devisees of a will with respect to the interests acquired thereby. (*Estate of Scrimger,* 188 Cal. 158 [206 Pac. 65]; *Estate of Lockhart,* 21 Cal. App. (2d) 574 [69 Pac. (2d) 1001]; 11B Cal. Jur. 787, secs. 1290, 1296.) However, there are well-recognized exceptions to the rule that ordinarily a decree of distribution is final and conclusive. When the language of the decree is uncertain, vague or ambiguous, the will may be resorted to for the purpose of determining the intention of the testator with respect to the subject in controversy. (*Estate of Lockhart, supra; Fraser* v. *Carman-Ryles,* 8 Cal. (2d) 143 [64 Pac. (2d) 397]; *Estate of Goldberg,* 10 Cal. (2d) 709, 713 [76 Pac. (2d) 508]; 11B Cal. Jur. 804, sec. 1299.) In the Fraser case, *supra,* the will was resorted to for the purpose of explaining the use of the term "annuity" as it appeared in the decree of distribution. That reference was permitted for the reason that the word has a technical legal meaning in conflict with other language employed in the decree. That is the exact situation with respect to the term "condition precedent" as it was used in the decree of distribution in the present case. That term is inconsistent with the language of the decree which also declares that the cost of erecting the monument "is hereby made a charge upon the residue (of land) devised" to the heirs of Nancy Buttram. We are therefore authorized to refer to the will to determine the intention of the testator with respect to the payment of the monument. In so doing we are convinced there was no intention on his part to make the payment of the cost of that monument a con-

dition precedent to the passing of title to the land. ■ If the cost of erecting the monument was intended to become a condition precedent to the conveyance of title, then no title could pass to the heirs until the obligation was fulfilled. It necessarily follows that since title would not pass under such circumstances, there was no power to make it a charge against the land. A condition precedent is one which is to be performed *before any right, intended to be created thereby, accrues.* (Sec. 1436, Civ. Code.) Section 142 of the Probate Code provides in part that:

''A condition precedent in a will is one which is required to be fulfilled before. a particular disposition takes effect.''

Since the decree deliberately makes the obligation to build the monument a charge against the property, it follows that it was not intended as a condition precedent.

■ If there is an inconsistency between the terms of a ''condition precedent'' as it is used in the decree and the declaration which follows that the cost of the monument is to be a charge upon the property interests of the heirs, then according to the rule of construction heretofore mentioned, the latter statement should prevail, and the title should pass to the heirs impressed with a lien to secure the payment of the cost of the monument.

■ We are of the opinion the two statements in the decree may be reasonably reconciled in favor of sustaining the conveyance of title. When the court referred in the decree to a ''condition precedent'', that term undoubtedly applied to the contingency of the death of Nancy Buttram before that of Sarah P. Mizer, as the specifically expressed ''condition precedent'' upon which the title of the heirs of the testator's sister was to vest. The language of the decree may be reasonably construed to mean that the undivided one-half interest in the real property was thereby distributed to the widow for her life time, and upon her death the remainder was to go to Nancy Buttram, but in the event that the widow survived Nancy, then, *as a condition precedent,* the sister's share was to pass to her heirs. It was the death of Nancy which became the condition precedent to the passing of title to her heirs, and not the payment of the cost of the monument. It will be recalled that both Nancy and the widow were alive at the time the decree was rendered in 1880. It was definitely a condition precedent

to the acquiring of title by the heirs that Nancy should die before the widow's demise. That identical situation is properly characterized by the text writers as a condition precedent. In 2 Tiffany on Real Property, third edition, 22, section 320, it is said in that regard:

"A contingent remainder is merely the possibility or prospect of an estate, which exists when what would otherwise be a vested remainder *is subject to a condition precedent,* or is created in favor of an uncertain person or persons. In the case of a limitation in favor of an uncertain person or persons, the ascertainment of such person or persons is no doubt itself a condition precedent. . . . A remainder is contingent *when subject to a condition precedent although the condition is certain to be satisfied, as for instance, when the condition is the death of a particular person.*

"A contingent remainder becomes a vested remainder as soon as the condition precedent is satisfied, or the person or persons to take ascertained, the particular estate still existing. . . . A contingent remainder becomes an estate in possession without ever becoming a vested remainder, that is, the particular estate terminates at the same time as the condition precedent is satisfied or the remaindermen are ascertained, as for instance in the case of a devise to A for life with remainder to B, provided B survives A, *or a devise to A for life with remainder to his surviving children.*"

█ In accordance with the preceding text the devise of the remainder after the life estate to the heirs of Nancy Buttram, contingent upon the widow surviving her, became a condition precedent to the vesting of title in the heirs. Sarah P. Mizer did survive Nancy. The condition was then fulfilled, and the heirs then became seized of a vested remainder in the property free from the condition.

In support of the theory that the devise of the property to the heirs of Nancy was not defeated by their failure to erect the monument, it is a significant fact that no disposition of the remainder was made by the will or decree in the event the devise to the heirs failed. Under such construction the deceased would become intestate as to that property. █ The construction of a will or decree which leads to intestacy or partial intestacy is not favored by the law. (*Estate of McCurdy,* 197 Cal. 276, 282 [240 Pac. 498]; 26 Cal. Jur. 899, sec. 215.)

The decree in this case contains no language specifically forfeiting title to the land for failure to erect the monument. On the contrary, it definitely declares that the cost of the monument shall become a charge upon the land devised to the heirs. Certainly the will does not make the payment of the cost of erecting the monument a condition precedent to the passing of title to either Nancy Buttram or to her heirs. It does not even impose a lien upon the land to secure the payment of that obligation.

It has been frequently held that in the absence of language clearly forfeiting title to legacies or devises for failure to fulfill covenants or equitable charges, such provisions do not constitute conditions either precedent or subsequent, and that title to the property is not forfeited by failure to make the specified payments. (*Cunningham* v. *Parker*, 146 N. Y. 29 [40 N..E. 635, 48 Am. St. Rep. 765]; *Graves* v. *Deterling*, 120 N. Y. 447 [24 N. E. 655]; *Taft* v. *Morse*, (Mass.) 4 Metcalf, 523; *Ditchey* v. *Lee*, 167 Ind. 267 [78 N. E. 972]; *Casey* v. *Casey*, 55 Vt. 518; *Woods* v. *Woods*, 44 N. C. 290.)

In the Cunningham case, *supra*, the testator bequeathed certain legacies to designated children. He devised to his son, Alexander, real property "on condition" that he should pay to the other children within four years of the testator's death the legacies mentioned in the will. The legacies were not paid. It was held that the failure to pay the legacies did not constitute a condition either precedent or subsequent which had the effect of forfeiting title to the land.

In the Graves case, *supra*, where property was bequeathed subject to the payment of specified sums as a "charge upon the legacies" it was held there was no forfeiture of the title for failure to pay the obligations.

The rule announced in the preceding case with respect to the forfeiture of title to property for failure to meet a specified condition is approved in the case of *Fitzgerald* v. *County of Modoc*, 164 Cal. 493 [129 Pac. 794, 44 L. R. A. (N. S.) 1229], which was a suit to quiet title. The deed to real property which was involved in that suit contained the clause that it was "to be used for a County High School ground and premises". The land was not used for that purpose, but it was sold. It was contended that clause con-

stituted a condition subsequent, which rendered the title void for failure to conform to it. Mr. Justice Henshaw said:

"It is fundamental that conditions subsequent tending to restrict and defeat an estate are not favored. . . . Generally speaking, the apt and appropriate words evidencing that the grant is on condition subsequent are found in a provision for forfeiture and right of reentry."

The court held that the failure to use the land for school purposes was not a condition subsequent which defeated the title. In that case there was no language in the deed declaring a forfeiture of title for failure to use the land for the purpose designated. Nor does the decree in the present case contain any such declaration of forfeiture. The absence of such language is persuasive proof that the obligation was not intended to be a condition precedent to the passing of title.

The authorities hold that when a decree of distribution conveys title to land with a condition attached thereto, and further provides that the obligation shall be made a charge or lien upon the property, the lien is convincing evidence that the devise was not intended to be defeated by failure to pay the obligation. It is said in those cases that the creating of the lien or charge upon the property is inconsistent with the theory of the existence of a condition precedent for the reason that if the title does not pass until after the performance of the condition there would be neither right nor reason for creating a lien to secure its payment. (*Taft* v. *Morse, supra; Ditchey* v. *Lee, supra.*)

Some of the cases hold that when a devise or grant is made and accompanied with a condition creating a charge or lien against the property, the remedy for failure to comply with that condition is to foreclose the lien in a proper proceeding. (*Ditchey* v. *Lee, supra.*) In the present case no effort was made to enforce the erecting of the monument. The decree does not limit the time within which the monument is to be constructed. The obligation did not accrue until Sarah P. Lynch died in 1928. This suit does not seek to enforce that obligation. The plaintiffs clearly have an interest in the property subject to the payment of that charge of $1500 for the monument.

The judgment is reversed, and the court is directed to ascertain the interests of the several plaintiffs and render

judgment in their favor quieting title thereto, subject to the joint and several obligation to erect the monument on the grave of Sarah P. Lynch at an expense of $1500.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1940. Houser, J., and Carter, J., voted for a hearing.