[L. A. No. 3862. Department Two.—May 17, 1917.]

## CHARLIE L. HORTON, Respondent, v. THEODORE A. WINBIGLER, Administrator of the Estate of Lucy J. Brown, Deceased, Appellant.

REFORMATION — MUTUAL MISTAKE — PLEADING AGREEMENT AS MADE. — When a court of equity is authorized to reform a contract at all, so as to incorporate therein provisions claimed to have been omitted in its execution though intended by the parties to have been inserted, in order to invoke such jurisdiction it must be pleaded as a fact that there was an agreement between the parties that the provision or terms omitted should have been contained in the executed instrument. But it is not necessary that it shall be alleged in direct terms that such an agreement was made. The requirement of pleading will be met if it appears reasonably and fairly from matters stated in the complaint and the language used representing them that in effect such an agreement is alleged. The complaint in the present case conforms to this requirement.

ID.—OMISSION TO DEFINE INTERESTS OF GRANTEES UNDER CONTRACT OF PURCHASE AND DEED — SINGLE CAUSE OF ACTION. — The omission from a written contract for the purchase of land by two vendees of a provision agreed on to be inserted as to the extent of the interests they individually should take under the instrument, and a similar omission from the deed executed in pursuance of the contract, constitutes but one mutual mistake, and a complaint for the reformation of the two instruments on that ground states a single cause of action.

ID.—EVIDENCE—INTENTION OF GRANTEE.—In an action by one of the grantees to reform the contract and deed brought against the personal representative of the other deceased grantee, the plaintiff may testify as to his intention relative to the interests which the re-

spective parties should have in the property and which should be inserted in the contract and deed, it appearing that the other grantee had only a life interest in the use of the money which went into its purchase price, the ownership of the fund subject to such life use being in the plaintiff.

ID.—WRITTEN INSTRUMENTS — INTENTION — EVIDENCE OF ATTORNEY.— Where there is nothing ambiguous or uncertain in the terms of written instruments, they speak for themselves, and the attorney who prepared them cannot testify as to what was intended by their terms. In the present case, the admission of such evidence, although erroneous, was harmless.

ID.—DECLARATIONS OF DECEASED GRANTEE AGAINST HER INTEREST.—In such action evidence was admissible of declarations made by the deceased grantee, after the execution of the deed to plaintiff and herself, and while they were both in possession of the property, that the property would belong to plaintiff after her death and that she only had a life interest therein. Such declarations were admissible under subdivisions 2 and 4 of section 1870 of the Code of Civil Procedure as declarations of a deceased person against her interest in respect of her real property.

ESTATE OF DECEASED PERSON—INCORPORATING WILL IN DECREE BY REFERENCE.—In making a decree of distribution, the court may incorporate the provisions of the will therein, or a contract or agreement entered into between the heirs and which is called to the attention of the court with a view of having it incorporated in the decree; and the court may by express terms or by apt reference thereto incorporate said will or contract in the decree so as to constitute it a portion of its distributive terms.

ID.—CONSTRUCTION OF DECREE—RESORT TO TERMS OF INCORPORATED WILL.—Where the provisions of a will or agreement have been incorporated in a decree of distribution by express reference, thereafter in an action involving a consideration of the decree resort should be had to the will and agreement as part of the decree in construing its terms.

ID.—BEQUEST OF LIFE ESTATE IN WILL—DISTRIBUTION OF UNLIMITED ESTATE BY DECREE.—By the will in question, and by agreements between the beneficiaries thereunder, a life interest only in a fund was given to a legatee. In the decree of distribution it was recited "that in pursuance of, and according to the last will of said deceased, the agreements of the heirs and legatees, and the deeds and conveyances on file herein, the said property is distributed as follows, to wit:" Then followed a distributive clause giving the fund to such legatee absolutely and without limitation. Held, that this reference in the decree of distribution to the will and agreements was sufficient to and did make them part of the decree as effectually as though set forth therein, and that the provisions of the will

and agreement should be looked to in construing the decree; and that, so construed, the decree gave only a life estate in the fund to the legatee.

APPEAL from a judgment of the Superior Court of Orange County, and from an order refusing a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

F. C. Spencer, and A. J. Mitchell, for Appellant.

Tipton & Cailor, for Respondent.

LORIGAN, J.—This action was for a decree reforming a contract of purchase and a deed to thirty acres of land in Orange County made and executed to plaintiff and the intestate in her lifetime, and further quieting the title of plaintiff to said land against the estate of said decedent.

There was no conflict in the evidence in the case. It was all produced by plaintiff. Certain facts are as follows: Plaintiff is the only son and decedent was the mother of Minnie W. Horton. Mrs. Horton died testate September 23, 1909, several years before her mother, and by her will bequeathed to the latter certain personal effects, a monthly allowance to be charged against certain described real estate, and also "one-half of all the money . . . of which I may die possessed to have and enjoy for and during her life." The plaintiff was bequeathed the other half of the estate absolutely and was also the residuary devisee on the death of his grandmother of the half of the estate in which she was left a life interest. The will of Mrs. Horton was admitted to probate and administered upon by the plaintiff. Pending the administration and on December 19, 1909, the plaintiff and said Lucy J. Brown, his grandmother, entered into a written contract with one William Wagner to purchase from him the thirty acres of land here in question for eight thousand five hundred dollars, payable in certain installments, the last of which was to be paid on January 1, 1911, when they were to receive a deed to the property. While the administration of the estate of Mrs. Horton was still pending, and on September 12, 1910, said Lucy J. Brown and plaintiff, as beneficiaries under the will of said Mrs. Horton, made an agreement which

was filed in the estate, whereby it was mutually agreed between them that said Lucy J. Brown should take under the said will one-half of the moneys of the estate "to use and enjoy during her life," all the furniture and personal effects absolutely, and that her claim to fifty dollars a month should be waived; that plaintiff should take the other half of the moneys his mother died possessed of and certain real property in the city of Los Angeles and in the state of Washington. Within the same month that this agreement between plaintiff and Mrs. Brown was made, a decree of distribution in the estate of Mrs. Horton was entered whereby there was distributed to Mrs. Brown one-half of $10,395.71 cash in the hands of plaintiff, as executor, and certain personal effects, and the rest of the estate was distributed to the plaintiff. The particular terms of this decree of distribution will be subsequently referred to when we are discussing a question respecting its effect which is involved on this appeal. After the entry of the decree of distribution, and on February 24, 1911, in consummation of the contract with him, Wagner made a deed to plaintiff and Mrs. Brown of the thirty acres involved in this action (the installment payments having been completed under the contract). It was an ordinary grant, bargain, and sale deed running to both said grantees, their heirs and assigns, and expressing a nominal consideration of ten dollars. It further appears that Mrs. Horton, Mrs. Brown, and plaintiff came from Texas and lived together at the home of Mrs. Horton until her death. Thereafter Mrs. Brown lived with plaintiff and his family. Mrs. Brown had no property when she came to California, and all she acquired subsequently (eliminating for the present the interest from Wagner to herself and plaintiff) was what she received by virtue of the will of Mrs. Horton—principally the life interest in this money. The purchase of this thirty acres was negotiated for by plaintiff while he was executor of the estate of his mother, pending the administration and after a conference with Mrs. Brown about its purchase, at which time Mrs. Brown told him to do as he saw fit and use his own judgment. He thought it advisable to purchase, and both himself and Mrs. Brown made the contract with Wagner to do so, and the payments aggregating eight thousand five hundred dollars were made solely from the funds of the estate of Mrs. Horton in the hands of plaintiff as administrator of her estate.

Mrs. Brown died October 27, 1911, intestate. Letters of administration were issued to the defendant, who is asserting in behalf of her estate a claim to an undivided half interest in the thirty acres of land. Plaintiff brings this action, his complaint being based on two counts: Upon one he seeks a reformation of the contract of purchase and deed; on the other to quiet title to the property. In that relating to the reformation of the instruments, after alleging the facts above recited as far as pertinent to the cause of action, plaintiff further alleged that the contract of purchase of this land made between Wagner and himself and Mrs. Brown did not in truth or in fact state the real intention of the parties in that no mention is made therein that said Lucy J. Brown was to have but a life estate only in said property, and that it was intended at the time between plaintiff and Mrs. Brown that said contract should contain a stipulation in substance, "that as to Lucy J. Brown a life interest only in the undivided one-half of the property herein described and on her death the same to pass to Charlie L. Horton"; that said stipulation was omitted by the mutual mistake of said plaintiff and said Lucy J. Brown, deceased. It is then further alleged as to the deed from Wagner to himself and Mrs. Brown that the same mistake was made by the mutual mistake of said parties; that in the said deed to plaintiff and Mrs. Brown there was omitted the same stipulation as aforesaid.

The other count, as stated, contained allegations under which plaintiff seeks to have his title to said premises quieted. The prayer is for a reformation of the contract and deed to conform to the alleged intention of the parties and for a decree quieting title. Defendant demurred generally and specially to the complaint, and his demurrer being overruled, answered denying the principal allegations of the complaint. The court made findings and a decree in favor of plaintiff reforming the contract and deed and quieting the title of plaintiff, and this appeal is from the judgment and an order denying the motion of defendant for a new trial.

As grounds for a reversal, appellant claims that the court erred in overruling his demurrer to the complaint; erred also in the admission of evidence; and it is further asserted that the evidence does not sustain certain of the findings.

As to the demurrer the only points urged by appellant in presenting his demurrer in the trial court which we think call

for any consideration are, that there is no allegation in the complaint of an agreement entered into between plaintiff and Mrs. Brown in her lifetime when the contract and deed were made that there should be inserted therein a clause limiting the interest of said Mrs. Brown to a life interest with remainder over to plaintiff. The argument is that if there was no such agreement, then there could be no mutual mistake upon which a reformation of the instruments could be based. It is further contended that the reformation of the contract and deed were separate causes of action which should have been separately stated, but were not, and, hence, the demurrer which made this particular point should have been sustained on that ground. As to the first claim that there is no allegation that plaintiff and Mrs. Brown did agree to any terms or stipulations to be inserted in the deed as to their interest in the land, it is quite apparent that there is no specific allegation to that effect. The most direct allegation is that when the property was purchased "it was intended at the time between the said Lucy J. Brown and the plaintiff that the said contract should contain the following stipulation, 'that as to Lucy J. Brown a life interest only in and to the undivided one-half of the property herein described and at her death the same to pass to Charlie L. Horton.'" When a court of equity is authorized to reform a contract at all, so as to incorporate therein provisions claimed to have been omitted in its execution though intended by the parties to have been inserted, in order to invoke such jurisdiction it must be pleaded as a fact that there was an agreement between the parties that the provision or term omitted should have been contained in the executed instrument. But it is not necessary that it shall be alleged in direct terms that such an agreement was made. The requirement of pleading will be met if it appears reasonably and fairly from matters stated in the complaint and the language used representing them that in effect such an agreement is alleged. The complaint here alleged that the purchase of the property was made pending the administration of the estate of Mrs. Horton with the funds of her estate, the use only of one-half of which Mrs. Brown was to have for life, with absolute property therein to pass to plaintiff upon her death. This limitation in the interest of Mrs. Brown in such funds of the estate was not one of agreement between plaintiff and herself but was imposed by the will of her tes-

tator.   Her interest in it could not extend further, and when she with plaintiff invested the funds of the estate in the property in question, it would only be natural that as part of the agreement in purchasing the property it should be agreed and understood that the interest of Mrs. Brown therein would be limited by the interest which she had in the funds which she was investing therein—a life interest in one-half.   We refer to these allegations, not as assuming that they amount to an allegation of an explicit agreement between plaintiff and Mrs. Brown when the property was purchased as to the interest each should take therein and the stipulations respecting it to be inserted in the instrument, but as bearing on the language of the allegation quoted above ''that it was intended at the time between the said Lucy J. Brown and the plaintiff that the contract should contain, etc.''   It is contended that ''intention'' is not equivalent to an ''agreement.''   But whether it is or not depends on the connection in which it is used.   Such use will often make the one word equivalent in meaning to the other.   So it is here.   The allegation is not that there was an intention simply on the part of plaintiff or Mrs. Brown that the contract should contain a certain stipulation, but that an intention had been reached between them at the time of the contract that the contract should contain such stipulation.   An alleged intention between them that a specified provision should be placed in the contract could only mean, giving the language its ordinary meaning, that as a result of a consideration of the matter between the parties it was agreed or understood that the contract should contain the specified provision, and that construction sufficiently meets the objection of appellant.

On the other point, that there were two separate causes of action for reformation of instruments—one for reformation of a contract; one of a deed—which were not separately stated.   There was but one cause of action based upon mutual mistake.   The contract for the purchase of the property supplemented by a deed thereto were only parts of the one transaction, namely, the purchase of the land.   There was but one set of facts, and these as to this mutual mistake alleged in the complaint applied to this entire transaction.   It constituted one mutual mistake consisting of an omission from the written instruments of a provision agreed on to be inserted as to

the extent of the interest the parties should take under the instruments.

As to the alleged errors in the admission of evidence. It was proper for the court to admit in evidence the answer of the plaintiff as to his intention relative to the interests which the respective parties should have in the property and which should be inserted in the contract and deed. Mrs. Brown had only a life interest in the use of the money which went into its purchase price. The ownership of the fund subject to such life use was in the plaintiff. Mrs. Brown, by consenting to the investing of the money in which she had only a life interest in this land, could not acquire a greater interest therein than her interest in the funds entitled her to, unless it was the intention of the plaintiff that she should take it. While it is true that the intention of the plaintiff alone is not a controlling factor in the case, but that it must appear that some agreement or understanding existed between himself and his grandmother disclosing a mutual intention on their part to have the written instrument contain the alleged conditions which it is claimed were omitted, still, when one of the questions in the controversy was whether Mrs. Brown was to have a greater interest in the land to be purchased than she had in the purchase money to be invested in it, we think it was proper to allow the evidence of the intention of plaintiff on that point, as his intention was necessary to effect a gift and to be considered in connection with all the other evidence tendered to show mutual intention and a mutual mistake. Appellant contends that this intention of the plaintiff was the only evidence relied on by him as showing mutual mistake, but whether it was or not is not the question here to be considered but only the admissibility of the evidence. Whether there was any further evidence or not to sustain the finding will be considered further along in its place.

It is further claimed that the court erred in allowing the attorney for plaintiff in the settlement of the estate of Minnie W. Horton, deceased, and who prepared the contract between plaintiff and Mrs. Brown as to the interests they should take upon the distribution, and who further prepared the decree of distribution, to testify as to what was intended by the terms of these various instruments. He testified over the objection of defendant that the contract was not intended to change the disposition under the will, nor did the decree of distribution

intend to distribute to Mrs. Brown a greater estate or to plaintiff a lesser estate than was given by the terms of the will. This evidence was not admissible. The will and the contract and the decree of distribution all spoke for themselves, if the two former were entitled to be considered at all in construing the decree of distribution. There was nothing ambiguous or uncertain in any of the terms of these instruments which required extraneous evidence to explain them. But while it was error to admit this testimony, it was harmless error if the will and contract were properly admitted by the court in connection with the decree of distribution. This is a question for later consideration.

Evidence was admitted over the objection of defendant of declarations made by Mrs. Brown after the execution of the deed to plaintiff and herself, and while they were both in possession of the property, that the property would belong to plaintiff after her death; that she often spoke of her interest in it being simply a life interest, and similar declarations. Such declarations were clearly admissible under subdivisions 2 and 4 of section 1870 of the Code of Civil Procedure as declarations of a deceased person against her interest in respect to her real property.

The last point made by appellant is that the evidence is insufficient to sustain certain of the findings which relate to the decree quieting title of plaintiff to the land. The court found that plaintiff ''now and ever since the death of Lucy J. Brown has been the owner in fee of the real property described in plaintiff's complaint and that the estate of Lucy J. Brown is not the owner of an undivided one-half interest therein.'' Further, ''That said estate of Minnie W. Horton was distributed in accordance with said will and the contract entered into by the plaintiff and said Lucy J. Brown and provided by its terms that said Lucy J. Brown should take a life interest only in and to one-half of said real estate distributed to her . . . and, that by the terms of said will and contract and decree of distribution the said Lucy J. Brown, now deceased, acquired a life estate only in and to said real property described herein.''

This claim of appellant is based solely on the construction which he claims must be given to the decree of distribution in the estate of Minnie W. Horton. His claim is that the only distributive language in the decree provides for a plain,

distinct, and unequivocable distribution "of one-half of all the moneys on hand to the said Lucy J. Brown . . ."; that no limitation to the use of such moneys for life is prescribed in the decree as to the interest or share given to said Lucy J. Brown in said money, but that it is given to her absolutely, and with much insistence appellant asserts that the clause above quoted must be taken segregated from other parts of the decree and considered by itself, and that so considered it must be construed as declaring an absolute ownership in Mrs. Brown of one-half of said money. But the error in the contention of appellant lies in placing undue stress on this particular distributive clause and ignoring other provisions of the decree intimately connected with and constituting an important part of its distributive terms. As we have shown, the will of Mrs. Horton gave Mrs. Brown the use of one-half of the moneys she die possessed of, and the subsequent contract between plaintiff and Mrs. Brown, after extinguishing some right under the will to which she would otherwise be entitled, declares that she, Mrs. Brown, "selects and elects to take under said will one-half of the money for life" and certain other personal effects of the deceased absolutely.

Now, in the petition for a decree of distribution the terms of the will are set forth, and the agreement between plaintiff and Mrs. Brown aforesaid as to the method in which the estate should be distributed to them is also set forth, and distribution is then asked to be given under said will and agreement, and in the decree of distribution it is recited "that in pursuance of, and according to the last will of said deceased, the agreements of the heirs and legatees, and deeds and conveyances on file herein, the said property is distributed as follows, to wit:" followed by the distributive clause in favor of Lucy J. Brown of one-half of the money of the estate in the terms relied on by appellant and the other half of the money to plaintiff, together with certain real estate.

In making a decree of distribution a court may incorporate the provisions of the will therein or a contract or agreement entered into between the heirs, and which is called to the attention of the court with a view of having it incorporated in the decree; and the court may by express terms or by apt reference thereto incorporate said will or contract in the decree so as to constitute it a portion of its distributive terms. This is what was done in the decree of distribution under con-

sideration. The court incorporated the will and the contract between plaintiff and Mrs. Brown as to the respective interests which each should take on distribution and pursuant thereto made distribution accordingly. When a necessity arose thereafter to construe said decree the court was not limited to a consideration of the particular provision of it as claimed by appellant, but it was the duty of the court to look to the will and the contract which were made a part of the decree, together with the other terms, in order to ascertain just what the terms of the distribution were because the distribution as declared by the court was in accordance with the provisions of the will and the agreement of the heirs. This declaration and reference to the will and agreement made them a part of the decree as effectually as though set forth in it. The court was not, as appellant asserts, allowing the admission of the will and contract as matters extraneous to the terms of the decree for the purpose of modifying or changing the decree of distribution. The court was admitting these instruments which were in effect part of the decree of distribution because referred to therein and declared to be the basis of the decree itself; not to modify it or change it in any particular, but for the purpose of construing it in its entirety and determining just what was meant by all its distributive provisions. The right of the court to incorporate provisions of a will or agreement by express reference in a decree of distribution and thereafter in an action involving a consideration of the decree to resort to said will and agreement as part of the decree in construing its terms, as was done in this case, is well settled in this state. (*Goldtree* v. *Thompson,* 79 Cal. 613, [22 Pac. 50]; *Goad* v. *Montgomery,* 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681]; *McCloud* v. *Hewlett,* 135 Cal. 361, [67 Pac. 333].)

An attack is made also on a finding respecting the second cause of action. It is alleged in the complaint and found by the court that when the contract of purchase was entered into and the deed to the property subsequently made, it was the intention of the parties to have the said instruments show that as to Lucy J. Brown she was to have only a life estate in an undivided half interest thereof, the same at her death to pass to plaintiff.

Appellant claims that this finding is not sustained by the evidence. The only evidence on the subject was that produced

by the plaintiff. It was not voluminous, and the matter being of a private nature, in which the plaintiff and Mrs. Brown were alone interested, and she dead, it would hardly be expected to be otherwise. But even under these conditions we are satisfied there was sufficient warrant for the finding. When this transaction took place Mrs. Brown had no means of her own. All she had was a life interest in the money which on her part went into the purchase of her half interest in the property. Upon the investment of such funds she could not, without the consent of plaintiff, have acquired any greater interest in the land than a life interest with a right in the plaintiff to take the property on her death. This was true, because her interest or the money invested by her or its proceeds, together with the ultimate right of the plaintiff thereto on her death, was fixed by the terms of the decree of distribution under which she received the money for her use during her natural life. No action on her part could enlarge her interest in those funds or in the property purchased thereby. So that, in the absence of any evidence that the plaintiff and Mrs. Brown intended to hold the real property purchased under any other or different terms than they held the money derived from the estate of Mrs. Horton which went into its purchase, the inference would naturally be that they did not. Add to this the testimony of the plaintiff that it was the intention of himself and his grandmother when they bought the property to act in accordance with his mother's will; that the grandmother have a life estate or a life legacy in it and at her death it was to revert to plaintiff; that plaintiff did not intend to make a gift to his grandmother of any interest in it; that his grandmother's intention and his intention, as he declared, were that she should have only a life interest in the same. After the purchase of the property and while both parties were in possession on several occasions, the grandmother declared that on her death the property would belong to plaintiff; that she often spoke of her having but a life interest in it; that it did not make any difference as to expenditures made by him on the ranch as the property would all go to him on her death. Taking into consideration that the grandmother only had a life interest in the fund invested in the real property, that she never claimed any other or different interest in it than a life estate, together with the testimony of plaintiff as to what was intended by himself and his

grandmother as to the interest she should take in the property, the court was warranted in finding that it was the intention under the contract and deed to convey to her a life interest only, and that the omission to have said conveyances so declare was a mutual mistake.

We have examined all the points made for a reversal which we think merit attention, and finding no reason for disturbing the order and judgment they are affirmed.

Melvin, J., and Henshaw, J., concurred.