[Civ. No. 9723. Second Appellate District, Division Two.—April 22, 1935.]

GARNET E. NEWBY, Appellant, v. GRACE INA GIBSON et al., Executrices, etc., Respondents.

Ray Howard for Appellant.

W. H. Anderson and Anderson & Anderson for Respondents.

FRICKE, J., *pro tem.*—This is an action against executrices on money allegedly due from deceased to plaintiff's assignors. The only question involved is as to the exclusion of evidence in the absence of which the proof failed to establish the plaintiff's claim.

The trial court excluded from evidence a deposition of the deceased given in another action, which appellant contends should have been received as "the act, declaration . . . of a party as evidence against such party" (Code Civ. Proc., sec. 1870, subd. 2), or as an admission against interest. The deposition consists of a rather detailed account of various transactions between the deceased and plaintiff's assignor, Fred A. Newby, in which the deponent testified that he was indebted to Newby in the sum of $10,000. Respondents contend that the effect of this statement as an admission was removed by the further testimony of the witness that his attorney, Kincaid, held a $10,000 trust deed on certain property belonging to Newby and that deceased made a settlement with Newby on the basis of $10,000 "and instructed Mr. Kincaid to release this trust deed. I don't know whether he has or hasn't." Deceased gave other testimony as to there having been a settlement, but taking the deposition as a whole, as we must, it is apparent that in speaking of having made a "settlement" the deponent meant only that he had agreed on the terms of the settlement, and that while he had instructed his attorney to release the trust deed, deponent did not know whether this had been done. The deposition was therefore an admission against interest of an indebtedness due Newby and of the further fact that deceased had directed his attorney to carry out the terms of the settlement agreement. Such admission against the pecuniary interest of deceased was admissible against respondents, his personal representatives. (*Steinberger* v. *Young,* 175 Cal. 81, 90 [165 Pac. 432]; *Horton* v. *Winbigler,* 175 Cal. 149, 157 [165 Pac. 423]; Code Civ. Proc., sec. 1853.)

The exclusion of the vital and material proof furnished by the deposition was prejudicial error.

The judgment is reversed.

Stephens, P. J., and Crail, J., concurred.