[Civ. No. 7559.   Third Dist.   May 17, 1949.]

GEORGE HARVEY CLARK, Appellant, v. THE CAPITAL NATIONAL BANK OF SACRAMENTO (a National Banking Association) et al., Respondents.

Archibald D. McDougall and Daniel Dennis for Appellant.

John Quincy Brown, District Attorney, John B. Heinrich, Supervising Deputy District Attorney, Morgan V. Spicer, Everett M. Glenn and Downey, Brand, Seymour & Rohwer for Respondents.

THOMPSON, J.—This is an equitable suit to determine the title to and possession of a conditional legacy of $25,000, which was distributed in trust, pursuant to the terms of a will. The will bequeathed the legacy to the executor of the last will and testament in trust nevertheless to be by him delivered into the possession of an established, recognized and responsible trust corporation, for the benefit of plaintiff provided he graduated from a university before he reached the age of 25 years. If he failed to graduate from a named college within that time, the legacy was bequeathed in trust for the benefit of a scholarship fund to be distributed by the trustees to the students selected by the officers of the city of Sacramento in a designated manner. The plaintiff became 25 years of age without graduating from the university, and the conditional bequest to him therefore failed. The court adopted findings to that effect and rendered judgment against the plaintiff, determining that he had no title or interest in the corpus of said fund. From that judgment this appeal was perfected.

The appellant contends that the court erred in adopting, in its findings, paragraph nine of the will, and in construing it to mean that the conditional legacy of $25,000, contained therein, failed with respect to him because he reached the age of 25 years without graduating from a university. The appellant also asserts that, even though the trust failed as to him, he was, nevertheless, entitled to said $25,000 legacy "as sole heir of the testator and as successor to the rights of the residuary distributees named in the decree."

George Harvey Clark, Sr., a resident of Alameda County, formerly a resident and officer of the city of Sacramento, executed his will, on September 23, 1921, the ninth paragraph of which is involved in this litigation. He died November 7, 1923, possessed of real and personal property, and leaving surviving him as heirs his wife, Emma Clark, a married son, Jerome Frank Clark, and the plaintiff, George Harvey Clark,

Jr., a grandson of the testator. The grandson was born August 29, 1921, and was little more than 2 years of age at the time of the death of his grandfather. The grandson became 25 years of age on August 29, 1946. It is conceded he did not graduate from any university or college. The will was admitted to probate in Alameda County, December 4, 1923, and Victor L. Hatfield, the testator's attorney, was appointed and qualified as executor. The will bequeathed the $25,000 legacy to the named executor, in trust, to be by him "delivered into the possession of an established, recognized and responsible Trust corporation . . . for the benefit of my grandson . . ." under specified conditions. After the executor had qualified and on September 19, 1933, the probate court of Alameda County appointed a Sacramento bank as trustee of that fund, and the $25,000 legacy was paid to it. The bank paid all semiannual accumulations of interest thereon to the plaintiff until he reached the age of 25 years as provided by paragraph nine of the will. On September 18, 1925, after due process of administration, the final account was settled and distribution of the estate was made in accordance with the provisions of the will. With respect to the $25,000 legacy, which is involved in this litigation, the decree provides that:

"And it appearing that said Executor has delivered into the possession of the California Trust and Savings Bank, a corporation, [of Sacramento] an established, recognized and responsible trust corporation, of the State of California, the sum of $25,000.00, in accordance and subject to the terms of paragraph 'Ninth' of the Will of said deceased, *to which reference is hereby made*;" (Italics added).

The decree then distributed specified properties to named individuals, and then provided:

"And that the residue of said estate hereinafter particularly described, together with all the other property not now known or discovered in or to which the decedent, at the time of his death, or in or to which his estate by operation of law or otherwise, has acquired any right, title or interest, be, and the same is hereby distributed as follows:

"To Emma Clark, an undivided one-half thereof.

"To Jerome Frank Clark, an undivided one-half thereof."

The ninth paragraph of the will, which is the chief source of controversy in this case, provides as follows:

"NINTH: I give and bequeath to the executor of this my Last Will and Testament, after he qualifies and acts as such, the sum of Twenty-five Thousand ($25,000.00) Dollars, in

trust nevertheless to be by him delivered into the possession of an established, recognized and responsible Trust corporation to be invested to the best advantage by said Trust corporation for the benefit of my grandson, George Harvey Clark, Jr. The interest earned by, and which accrues from, said Twenty-five Thousand Dollars to become due and payable to said George Harvey Clark, Jr. each six months after said sum of Twenty-five Thousand Dollars has been delivered into the possession of said Trust corporation. Said sum of Twenty-five Thousand Dollars is to be held and retained by said Trust corporation until said George Harvey Clark, Jr. shall reach the age of twenty-five (25) years, unless he shall have, before such age, graduated and been awarded a degree by either of the colleges mentioned. In such event the Trust corporation is hereby authorized and instructed to deliver to my grandson, George Harvey Clark, Jr. said sum of Twenty-five Thousand Dollars and all interest which may have accrued thereon. In the event of the death of said George Harvey Clark, Jr. before reaching the age of twenty-five years, said sum of Twenty-five Thousand Dollars is hereby devised and bequeathed to his surviving heirs. In the event my grandson, George Harvey Clark, Jr. shall live to be twenty-five years of age, and shall not have graduated from and been awarded a degree by either of the universities named, said sum of Twenty-five Thousand Dollars is hereby bequeathed and devised to the Mayor or the City Manager of the City of Sacramento, California, the Principal of the high school of the City of Sacramento in which institution is enrolled the greatest number of students, and the City Superintendent of Schools of the City of Sacramento, in trust nevertheless to be by said three officials or a majority thereof, invested to the best advantage, and the interest accruing thereon shall be paid out from time to time under the supervision of said three officials, or a majority thereof, to defray the expenses incidental to providing a college education for the boy or girl who shall in open competition attain the highest degree of success in whatever examination or test may be prescribed, fixed and determined upon by said three officials. Said Trust fund of Twenty-five Thousand Dollars shall be known as THE GEORGE H. CLARK MEMORIAL FUND.''

We are of the opinion the findings and judgment are adequately supported by the evidence. The above quoted paragraph of the decree of distribution is a sufficient finding that the $25,000 fund was deposited with the California Trust

and Savings Bank (superseded as trustee by The Capital National Bank), an "established, recognized and responsible trust corporation, . . . in accordance and subject to the terms of paragraph 'Ninth' of the Will." In determining the terms and conditions of the will upon which the trust fund was to be held and dispersed, that paragraph of the decree specifically authorized the incorporation and construction of the language of the "ninth" paragraph of the will by adding thereto the language "to which reference is hereby made."

It is ordinarily true that a final decree of distribution of property is final and conclusive upon the heirs, devisees and legatees, and that the terms of the will may not be used to impeach the clear and unambiguous terms of the decree of distribution. But certainly when the decree specifically refers to the will, as it does in the present case, it may be used to clarify and explain the distributive terms of the decree. (*In re Ewer,* 177 Cal. 660 [171 P. 683] ; *Horton* v. *Winbigler,* 175 Cal. 149 [165 P. 423] ; *Buttram* v. *Finley,* 37 Cal.App.2d 459, 465 [99 P.2d 1093].) In the Ewer case, *supra,* it is said at page 662:

". . . But while the will cannot be used to impeach the decree, it can be used to explain it where the decree taken alone is uncertain, vague, or ambiguous."

Likewise, in the Buttram case, *supra,* it is said at page 465:

"It is true that *unambiguous* language of a decree of distribution is controlling upon the heirs and devisees of a will with respect to the interests acquired thereby. (*Estate of Scrimger,* 188 Cal. 158 [206 P. 65] ; *Estate of Lockhart,* 21 Cal.App.2d 574 [69 P.2d 1001] ; 11B Cal.Jur. 787, secs. 1290, 1296.) However, there are well-recognized exceptions to the rule that ordinarily a decree of distribution is final and conclusive. When the language of the decree is uncertain, vague or ambiguous, the will may be resorted to for the purpose of determining the intention of the testator with respect to the subject in controversy. (*Estate of Lockhart, supra; Fraser* v. *Carman-Ryles,* 8 Cal.2d 143 [64 P.2d 397] ; *Estate of Goldberg,* 10 Cal.2d 709, 713 [76 P.2d 508] ; 11B Cal.Jur. 804, sec. 1299.)"

In the present case the will was properly admitted in evidence and marked plaintiff's Exhibit No. 1. It was referred to and paragraph nine was adopted by the findings of the trial court. The court thereupon construed that paragraph to clarify the decree in accordance with the intention of the testator.

In *Estate of Lockhart,* 21 Cal.App.2d 574 [69 P.2d 1001],

the appellate court held that the will to which reference was made in the decree which distributed a trust fund to a trustee bank, "in pursuance of and according to the provisions of the last will of said decedent," thereby authorized reference to the will to determine the distributive terms of the decree. It is there said:

". . . The court may, by express terms or by apt reference thereto, incorporate the will in the decree so as to constitute it a portion of its distributive terms and make it a part of the decree as effectually as though set forth in it. When necessity arises thereafter to construe the decree, it is the duty of the court to look to the will to ascertain the terms of distribution. (*Horton* v. *Winbigler,* 175 Cal. 149 [165 P. 423].) If the will, by apt reference, is made part of the decree, it supplies matters which it contains but the decree omits. (*Estate of Blake,* 157 Cal. 448 [108 P. 287].) While the will cannot be used to impeach the decree, it can be used to explain it where the decree taken alone is uncertain, vague and ambiguous. This rule has been applied both where the decree referred to the will (*In re Ewer's Will,* 177 Cal. 660 [171 P. 683] ; *Fraser* v. *Carman-Ryles,* 8 Cal.2d 143 [64 P.2d 397]), and where it did not. (*McCloud* v. *Hewlett,* 135 Cal. 361 [67 P. 333].)"

In this case the decree of distribution was uncertain and ambiguous with respect to the terms and conditions of paragraph nine of the will under which the conditional trust fund was distributed to the trust corporation. The trial court in this case therefore properly incorporated in its findings said paragraph nine of the will, and accurately construed its terms, as the language of the decree specifically authorized it to do. The decree actually distributed the fund to the named trustee, to be administered "in accordance and subject to the terms of paragraph 'Ninth' of the Will of said deceased, *to which reference is hereby made.*" (Italics added.)

■ Paragraph nine of the will must necessarily be read as a whole, for it deals only with the conditional bequest of that particular legacy of $25,000. It gave that sum to the executor to be by him delivered to a responsible trust corporation, for the purpose of administration in accordance with the terms and conditions therein mentioned. It definitely provided, without condition, that the *interest* on that sum should be paid semiannually to the grandson until he reached the age of 25 years, which was done. The second sentence of the ninth paragraph of the will then provides that the corpus of the trust fund shall be retained by the trustee until the grand-

son become 25 years of age, "unless he shall have, before such age, graduated and been awarded a degree" by either Stanford University or the University of California. The court found, and the evidence supports that finding, that the grandson reached the age of 25 years and that he had not graduated from any university. The next sentence of paragraph nine of the will provides that if the grandson should die before he becomes 25 years of age, the corpus of that fund should go to his surviving heirs. But that provision became ineffectual because the grandson is still living. The last sentence of paragraph nine of the will then provides that if the grandson "shall not have graduated from" either of said named universities, then the corpus of that fund "is hereby bequeathed and devised to" the mayor or manager of the city of Sacramento, to the principal of the high school of that city having the largest enrollment and to the city superintendent of schools, *in trust*, "to defray the expenses incidental to providing a college education for the boy or girl who shall in open competition attain the highest degree of success in whatever examination or test may be prescribed, fixed and determined upon by said three officials."

The first sentence of the ninth paragraph which states that the fund is given to the trustee "in trust . . . for the benefit of my grandson" is not inconsistent with the subsequent provisions of that paragraph. The grandson did benefit by the payments of semiannual installments of interest thereon until he reached the age of 25 years. That paragraph must be read as a whole to ascertain the intention of the testator. The bequest of the corpus of that trust fund was conditional. We think that paragraph nine provides, as the court found, that the vesting of the corpus of the trust fund in the plaintiff is dependent upon the designated condition precedent that he should first graduate from a named university before he reached the age of 25 years. The vesting in plaintiff of the corpus of that fund failed because the condition was not fulfilled. (Prob. Code, § 142.) The trust, however, did not terminate or fail in its entirety so as to entitle plaintiff to inherit the fund as a residuary legatee or assignee of his grandfather's estate, for an alternative trust in that fund was expressly created by the will, in the event of the failure of the grandson to graduate from a named university before he became 25 years of age. Or, if we assume the trust in the corpus *for the benefit of the grandson* failed for lack of fulfillment of the condition precedent, then a new trust was created therein for the benefit

of the designated scholarships to be awarded by the trustees.

It follows that plaintiff is not entitled to the corpus of the fund as a definite, controlling, irrevocable and consummated bequest under the will, nor as an heir, residuary legatee or successor by assignment, or otherwise, of the residue of the testator's estate.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 14, 1949, and opinion was modified to read as above. Appellant's petition for a hearing by the Supreme Court was denied July 14, 1949.