[Civ. No. 4088. Fourth Dist. Mar 8, 1951.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation), as Executor, etc., Appellant, v. IDA HENNELLY, Respondent.

John D. Chinello for Appellant.

Ralph E. Wallace for Respondent.

GRIFFIN, Acting P. J.—Rose A. Leverone, deceased, through the executor of her will, Bank of America National Trust and Savings Association, as plaintiff, brought this action against Ida Hennelly, defendant and respondent, to quiet title to two parcels of realty. One consisted of a 20-acre parcel, and the other consisted of two lots. Plaintiff's complaint sets up a certain disputed quitclaim deed in which Ida Hennelly, Dorothy J. Goss, and Margaret R. Crow are named as grantors and Rose A. Leverone as grantee. There was a provision con-

tained therein that "the property herein described is to revert to the grantors, upon the death of the grantee, one-half to Ida Hennelly and one-fourth each to Dorothy Goss and Margaret Crow." This deed was acknowledged January 8, 1937, and recorded May 24, 1937, at the request of Margaret Crow.

By the terms of the will of A. J. Leverone, deceased, he gave to his wife "Rosa . . . during the term of her natural life, the net income arising from all of my estate. . . ." It then provided that upon her death "I give . . . all of my estate then remaining as follows, to-wit; one-half thereof to my said daughter, Ida Hennelly, one-fourth thereof to the said Dorothy Goss, and the remaining one-fourth to the said Margaret Purdy (Crow)." Rose A. Leverone died December 10, 1947.

Defendant, in her answer, denied plaintiff's claim to the property, set up several defenses to plaintiff's claim and asked for affirmative relief. Defendant testified that during the administration of the estate the heirs and legatees above named figured out between themselves a division of the property of the estate; that on January 8, 1937, they all went to the office of the attorney for the estate and there executed deeds one to another between themselves, dividing the property of said estate; that there were four deeds executed at that time; that Rose A. Leverone stated that that was the way she wanted it. This testimony was corroborated by the other grantees. Defendant Ida Hennelly's deed to her portion of the property was then delivered to her.

In the decree of distribution, dated January 8, 1937, the same date the deeds were acknowledged, there was a clause: "It is further ordered, adjudged and decreed that the residue of said estate . . . be distributed, under the will herein, and the following deeds for division made by all of the heirs hereunder, as follows . . . To Rose A. Leverone . . ." the property above described in her complaint.

The trial court found generally that on January 8th four deeds were executed by the above-named heirs, by which the devisees under the will divided among themselves the various properties of the deceased; that these deeds all granted the fee title to the property described there, except the deed to Rose A. Leverone, which vested only a life estate in her. The court then specifically found that she was fully cognizant of the presence in the above-mentioned deed of the reversionary clause and that she accepted the deed with that knowledge; that all of said deeds were executed and that full information of the execution of them was given to the superior court at

the time of making and giving said decree of distribution, and that said deeds referred to in the decree of distribution are the same four deeds hereinabove mentioned, and that it was the intention of the court in the making and giving of said decree of distribution to incorporate said deeds by reference and to cause said decree to be read in conjunction with the deeds and the will of A. G. Leverone.

It is plaintiff's position that notwithstanding the provisions of the will and the quitclaim deed in reference to the life estate, the decree of distribution granted the estate to her unconditionally, without any reversionary clause; that it was final and conclusive as to the rights of the parties, and that plaintiff was entitled to judgment as a matter of law, citing Probate Code, sections 1020 and 1021, and such cases as *Wells Fargo Bank etc. Co.* v. *Superior Court,* 32 Cal.2d 1 [193 P.2d 721]; *Estate of Madsen,* 31 Cal.App.2d 240 [87 P.2d 903]; *Miller* v. *Pitman,* 180 Cal. 540 [182 P. 50]; *Estate of Wallace,* 98 Cal.App.2d 285 [219 P.2d 910]; and *Estate. of Norris,* 78 Cal.App.2d 152 [177 P.2d 299].

█ It is the general rule that under the doctrine of res judicata a will cannot be looked to for the purpose of impeaching or contradicting the plain and unambiguous terms of the decree of distribution, where the decree has become final. (*Estate of Wallace, supra.*)

█ The decree here under discussion, by its own terms, makes reference to the will and deeds for a complete distribution of the property. Under the will, Rose A. Leverone never had more than a life estate in any of the property of said estate. Her estate was but a right to the *net income* during her life. It further shows that under the terms of the will Ida Hennelly, Dorothy J. Goss, and Margaret R. Crow, nee Purdy, were the remaindermen in fee. While said administration was pending the heirs at law and devisees under said will all met together to consummate an agreement for the division of the property of said estate, at which time four deeds were executed and thereafter recorded by each of the respective grantees. The record shows without conflict that Rose A. Leverone had full knowledge of the existence of the reversionary clause in said deed and she accepted the deed with that knowledge. The decree of distribution, by its terms, indicates that full information of the execution of said four deeds was given to the court at the time of the rendition of the decree of distribution and that the four deeds introduced in evidence are the same "deeds for division" referred to in

said decree of distribution. The record clearly shows an intention on the part of the court at the time of the rendition and giving of said decree of distribution to incorporate said deeds by reference and to cause the decree of distribution to be read in conjunction with the deeds and the will. The findings in this respect are fully supported by the evidence.

The facts here presented constitute an exception to the general rules contended for by the plaintiff, and bring it well within the rule announced in *Horton* v. *Winbigler,* 175 Cal. 149, 157 [165 P. 423]; *Clark* v. *Capital National Bank,* 91 Cal.App.2d 865, 868 [206 P.2d 16]; and *Lloyd* v. *First National Trust & Sav. Bank,* 101 Cal.App.2d 579 [225 P.2d 962].

Since the estate of the decedent vested in the legatees under the will at the time of death (*Western Pacific Railway Co.* v. *Godfrey,* 166 Cal. 346, 349 [136 P. 284, Ann.Cas. 1915B 825]) there was ample title in Ida Hennelly, Dorothy J. Goss and Margaret R. Crow to support the reversionary clause in the deed executed by them and accepted by Rose A. Leverone prior to distribution. (*Kingsbury* v. *Ross,* 217 Cal. 484 [19 P.2d 784]; *Chever* v. *Ching Hong Poy,* 82 Cal. 68 [22 P. 1081]; *Martinovich* v. *Marsicano,* 137 Cal. 354 [70 P. 459]; *Cooley* v. *Miller & Lux,* 156 Cal. 510 [105 P. 981].)

Judgment affirmed.

Mussell, J., concurred.

A petition for a rehearing was denied March 28, 1951, and appellant's petition for a hearing by the Supreme Court was denied May 3, 1951.