## Allentown, Appellant, *v.* Pennsylvania Public Utility Commission.

Argued March 17, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Joseph B. Walker,* City Solicitor, with him *Madeline Palladino,* Assistant City Solicitor, for appellant.

*William J. Grove,* Assistant Counsel, with him *Lloyd S. Benjamin,* Counsel, for Public Utility Commission, appellee.

*Morris Perkin,* with him *Getz, Perkin & Twining,* for intervenor, appellee.

PER CURIAM, April 14, 1953:

This matter is before us on a motion to quash appeal.

In this case a number of individuals who owned property in South Whitehall Township near the City of Allentown filed a complaint with the Pennsylvania Public Utility Commission seeking to compel the City to extend its water system to their properties. After the Commission had denied the City's petition to dismiss the complaint, the City filed a bill in equity in the Court of Common Pleas of Dauphin County seeking to enjoin the Commission permanently from exercising jurisdiction of the matter. That court had exclusive jurisdiction of the proceedings by virtue of the Act of May 28, 1937, P. L. 1053, Article XI, section 1111,

66 PS §1441. The original complainants were allowed
to intervene as defendants. The City's exceptions to
the decree nisi were dismissed, and the court's final
decree dismissing the bill in equity was entered on De-
cember 15, 1952. On February 4, 1953, fifty-one days
later, the City of Allentown took the present appeal
to this Court. The Commission and the intervening
defendants have moved to quash the appeal on the
ground that it was taken too late.

Article XI of the Public Utility Law of 1937 is en-
titled "Review and Appeals." The determination of
the motion before us involves interpretation of section
1101 and section 1111 of such article. 66 PS §§1431,
1441.

Section 1101, 66 PS §1431, vests this Court with
jurisdiction of appeals from orders of the Public Utility
Commission, and provides, in part, as follows: "(a)
Within thirty days after the service of any order by
the commission, . . . any party to the proceedings af-
fected thereby may appeal therefrom to the Superior
Court."

Section 1111, 66 PS §1441, provides as follows: "No
injunction shall issue modifying, suspending, staying,
or annuling any order of the commission, or of a com-
missioner, except in a proceeding questioning the juris-
diction of the commission, and then only after cause
shown upon a hearing. The court of common pleas
of Dauphin County is hereby clothed with exclusive
jurisdiction throughout the Commonwealth, of all pro-
ceedings for such injunctions, subject to an appeal to
the Superior Court *as aforesaid.*" (Italics supplied.)

Appellant contends that section 1101 relates only
to appeals from orders of the Commission and cannot
be construed to include appeals from the Dauphin
County Court in injunction proceedings. It argues,
therefore, that its appeal could be taken any time with-

in three calendar months from the entry of the decree in accordance with the general statute regulating the time for appeals. Act of May 19, 1897, P. L. 67, §4, as amended, 12 PS §1136.

Concurrence with appellant's contention would render meaningless the concluding words of section 1111, to wit, "as aforesaid." The legislature cannot be deemed to intend that language used in a statute shall be superfluous and without import. *Com. v. Mack Bros. Motor Car Co.*, 359 Pa. 636, 59 A. 2d 923. Neither may a court, in construing a statute, delete or disregard words contained therein. *Com. v. One 1939 Cadillac Sedan*, 158 Pa. Superior Ct. 392, 45 A. 2d 406. In construing a statute, no word of the statute is to be left meaningless unless no other construction is possible. *Keating v. White*, 141 Pa. Superior Ct. 495, 15 A. 2d 396; *Com. v. Hubbs*, 137 Pa. Superior Ct. 229, 8 A. 2d 611. See section 33 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §533.

The word "aforesaid" means generally "next before." Black's Law Dictionary; 2 Words and Phrases, Perm. Ed., 678, 680; *Simpson v. Robert*, 35 Ga. 180. And, in the absence of some controlling reason, it refers to the last antecedent. *Estate of Wallace*, 98 Cal. App. 2d 285, 219 P. 2d 910. Obviously, "as aforesaid" could not refer to section 903, Article IX of the Public Utility Law, 66 PS §1343, which relates to enforcement proceedings by the Commission.

The sections preceding section 1111 of Article XI pertain chiefly to appeals to the Superior Court from orders of the Commission. The only section referring to the time of appeal to this Court is section 1101. The purpose of the entire article was to establish detailed provisions regulating appeals in public utility matters, and should be construed together. We find no reason to conclude that the time of appeal from an order of

the Commission should differ from the time of appeal from an order of the Court of Common Pleas of Dauphin County in jurisdictional injunction proceedings. We are of the opinion, therefore, that the time limitation of thirty days set forth in section 1101 has application to appeals in such proceedings.

The appeal is quashed.