## W. L. H. Adoption

*J. Montgomery Forster*, for petitioners.

VAN RODEN, P. J., October 25, 1954.—Petitioners have presented their petition praying for the adoption of W. L. H., a minor, who was born on January 3, 1954, in Philadelphia, Pa. The natural mother of the child resided in Delaware County, Pa., prior to the child's birth but presently resides in Reading, Pa. Petitioners reside in Harrisonburg, Va. Accordingly, a question has arisen concerning the jurisdiction of this court to entertain the petition for adoption.

At a hearing held on September 9, 1954, it was established by competent testimony that the natural

mother turned custody of the child over to the Child Care Service of the Delaware County Institution District on January 22, 1954, asked them to place the child for adoption, and at that time signed and verified a written affidavit and consent to adoption. The agency then placed the child in a temporary foster home in Lima, Delaware County, Pa., where she remained until February 15, 1954, when she was turned over to petitioners by the agency, and the child has since resided continuously at the home of petitioners at Harrisonburg, Va.

Section 1 of the Adoption Law of April 4, 1925, P. L. 127, sec. 1, as amended, with last amendment being Act of August 26, 1953, P. L. 1411, sec. 1, provides that a petition for adoption shall be presented "to the court of the county where he or she [petitioner] may be a resident, or in the county in which the person to be adopted is a resident, upon allowance by the court in that county, or upon allowance by the court in the county in which is located the approved agency or institution, or any of their branch offices, which placed the person for adoption. . . ."

It is clear that petitioners are not residents of Delaware County. It is also clear that neither the minor child nor the natural mother resides in Delaware County. The sole basis of jurisdiction, therefore, is the fact that the Child Care Service of the Delaware County Institution District, which is admittedly an approved agency or institution, is located in Delaware County.

Although the language of the statute is somewhat vague and ambiguous, nevertheless the court must recognize that to decline jurisdiction in the instant case would be to render nugatory and meaningless that phrase of the statute which reads "upon allowance

by the court in the county in which is located the approved agency or institution, or any of their branch offices, which placed the child for adoption".

The legislature cannot be deemed to have intended that language used in a statute shall be superflous and without import: City of Allentown v. Pennsylvania Public Utility Commission, 173 Pa. Superior Ct. 219 (1953). A statute should be construed, if possible, to give effect to all of its provisions and, in ascertaining a legislative intent it may be presumed that the legislature intended the entire statute to be effective: Commonwealth v. Stingel, 156 Pa. Superior Ct. 359 (1945).

Undoubtedly, the Commonwealth of Pennsylvania has jurisdiction with respect to the adoption of all persons legally domiciled therein. The minor child, in the instant case, retains the domicile of the natural mother which is Pennsylvania. Within the jurisdiction, the legislature has the right to determine venue. To give full meaning to all the phrases included in the above-quoted statutory provision, we are obliged to hold that there is undoubted venue in the county where petitioners reside, and that there is likewise venue, in the discretion of the court, in the county where the adoptee resides and that there is similarly venue, in the discretion of the court, in the county in which is located the approved agency or institution which placed the person for adoption. Such discretion is exercised by "allowance by the court".

In the instant case, the court hereby exercises its discretion in favor of accepting venue jurisdiction, and the court hereby allows the filing of the petition and further allows the proposed adoption to take effect. Accordingly, a decree of adoption in the usual form will be entered.